(30 Misc. Rep. 62.)

### LARREMORE v. SQUIRES et al.

(Supreme Court, Special Term, New York County. December, 1899.)

1. FORECLOSURE OF MORTGAGE—VALIDITY OF PRIOR LIENS.

   The rule that the validity of claims, which are paramount to a mortgage sought to be foreclosed, cannot be determined in a foreclosure action, has no application to a prior lease, alleged to have been abrogated by lessee by executing a new lease, upon the faith of which the mortgage was taken.

2. ESTOPPEL—ABROGATION OF LEASE.

   On request of mortgagor claiming title to lots, and on the advice of one in whom she had confidence, defendant, claiming to hold under a lease from another, executed a lease to the former. *Held*, that she was estopped to set up a claim that she held under the earlier lease in an action in foreclosure by one who took a mortgage on the premises on the strength of the lease to his mortgagor.

3. SAME—NECESSITY OF PLEADING.

   In foreclosure of a mortgage taken on the faith that a lease given mortgagor was a recognition of mortgagor's title by lessee, it is not necessary to plead an estoppel to render proof thereof admissible.

Foreclosure by Mabel O. Larremore against De Witt C. Squires, Mary Dugan, and others. Judgment for plaintiff.

Reeves, Todd & Swain (David B. Ogden, of counsel), for plaintiff.
Franklin Grady, for defendant Dugan.

LAUGHLIN, J. On the 19th day of November, 1897, the defendant Squires procured from the plaintiff a loan of $2,000, and, as collateral security therefor, he and his wife executed to her a mortgage upon the premises described in the complaint, which are situate on the easterly side of Webster avenue, between 175th and 176th streets, in the city of New York, which provided that the loan should be repaid according to the terms of a bond executed by Squires, bearing even date with the mortgage. The plaintiff employed the Lawyers' Title Insurance Company as her attorney and agent to place said loan and pass upon the title. The company, acting for her, accepted the title, relying upon the validity of a certain lease bearing date July 29, 1897, between the executors of the estate of Solomon Jesserun, who were Squires' grantors, and the defendant Mary Dugan, which had been exhibited to the officers of said company having charge of the matter for the plaintiff, as to the interest of said Mary Dugan in the premises, she being in occupa-

tion of the house upon said premises at the time. This bond and
mortgage, by their terms, fell due two years after date. On the
31st day of October, 1898, for a good and sufficient consideration,
the mortgagors agreed with the mortgagee that the indebtedness
to secure which the mortgage was given should become due and
payable on the 1st day of November, 1898. This indebtedness not
having been paid, the plaintiff instituted this action to foreclose
the mortgage. The complaint alleges that the defendant Dugan
is in possession under said lease, and that her term as such lessee
has expired, and that she is in possession, holding over under said
lease, and having no other interest in the premises, and that her
interest is subordinate to the plaintiff's mortgage. She interposed
an answer, admitting that she is in possession, but denying the
making of the lease and all other allegations concerning her in-
terest, and setting up as an affirmative defense that she has been
in possession since the 12th day of September, 1875, as a tenant of
one Edward Lehigh, whom she alleges then was and still is the
owner of said premises. The answer then specifically admits that
about the date of said lease the defendant Mary Dugan signed a
paper acknowledging that she was a tenant of said Squires, and
that, as she is informed and believes, the paper so signed was the
lease set forth in the complaint, but that she was not aware of
its nature or contents, and that her signature thereto was obtained
by means of fraudulent representation. The evidence satisfactorily
shows that the plaintiff made the loan relying upon said lease,
and believing that the interest of the defendant Dugan was that
of a tenant thereunder whose tenancy had expired.

Solomon Jesserun had a record title to said premises, but he had
no conveyance from said Lehigh or from the grantees or repre-
sentatives of said Lehigh. The will of said Jesserun was duly ad-
mitted to probate on the 14th day of July, 1886. Thereafter the
defendant Squires, desiring to purchase the premises of the widow,
executrix, executors, and trustees of said Jesserun, employed said
Lawyers' Title Insurance Company to examine the title. This com-
pany discovered that the defendant Mary Dugan was in possession,
under such circumstances that it became advisable to have her
relationship to the owners more satisfactorily established. As the
agent and representative of the executrix and executors, the de-
fendant Squires called upon the defendant Dugan, and negotiated
a written lease between them for the nominal rental of one dollar
per month, until such time as the owner should sell. The lease
was prepared in duplicate,—one signed by the executors and left
with the defendant Dugan, together with a receipt for six months'
rent thereunder, without requiring the payment of such rent, and
the other delivered to her for her signature. She thereafter con-
ferred with one Robert E. Holden, a real-estate agent whom she
knew, and in whom she had confidence, and stated to him the facts
relating to her claim and possession. Her claim, as shown by the
evidence, is (but it does not appear whether she so stated it to
Holden) that about 24 years ago she entered as a tenant of said
Lehigh, who had then occupied the premises for a few years under

a quitclaim deed dated in 1868, and acknowledged in 1872, and that after 3 or 4 years he departed, saying that he was going to a hospital for treatment, leaving her in possession, and telling her to remain until he returned, and to pay no rent to any one, and that she has remained in possession ever since, and has paid no rent, and has not heard from said Lehigh. Holden advised her that she had no claim by which she could retain possession, as against said executrix and executors, and that it would be better for her to acknowledge their ownership, and become their tenant as suggested, than to attempt to resist their claim. The evidence satisfactorily establishes that, with a full knowledge of all the facts, she, not being able to write, authorized Holden to sign her name to said lease; that he did so, and she then held the pen while he made her mark; and he thereupon signed as a subscribing witness, and thereafter acknowledged its execution as such subscribing witness, and delivered the lease, by her authority, to the representative of said executrix and executors.

The validity of the lease is fairly presented by the pleadings and by the evidence. The rule that the validity of claims which are paramount to a mortgage sought to be foreclosed cannot be determined in a foreclosure action is not applicable here, in view of the pleadings and of the facts, and it does not preclude the court from adjudicating in this action upon the invalidity of the lease. Cromwell v. MacLean, 123 N. Y. 474, 25 N. E. 932; Helck v. Reinheimer, 105 N. Y. 470, 12 N. E. 37; Jacobie v. Mickle, 144 N. Y. 237, 39 N. E. 66.

The defendant Dugan is estopped, under the circumstances, from contending, as against the plaintiff, that she has any other interest as a tenant than that which she acquired by virtue of her lease from the executrix and the executors of said Solomon. Page v. Krekey, 137 N. Y. 307, 33 N. E. 311, 21 L. R. A. 409; Banking Co. v. Duncan, 86 N. Y. 221; Marden v. Dorthy, 160 N. Y. 41, 61, 65, 54 N. E. 726. It was not necessary for the plaintiff to plead such estoppel to entitle her to make the necessary proof, and interpose it as an answer to the defendants' claim concerning her former tenancy. Abb. Tr. Brief Pl. § 880; Heiser v. Hatch, 86 N. Y. 614; Woolner v. Hill, 93 N. Y. 576.

A decision may be prepared by the attorney for the plaintiff reciting the material undisputed facts, and finding the controverted facts in accordance with this opinion, and decreeing a foreclosure and sale of the mortgaged premises, and awarding costs to the plaintiff. The decision may be submitted to the attorney for the defendant, and, if not stipulated as to form, it will be settled by me on two days' notice. Ordered accordingly.