EDWIN R. WHITNEY, Appellant, *v.* SEALEY B. WHITNEY, Appellant, and JENNIE W. CARLL et al., Respondents, Impleaded with Others.

PARTITION — PLEADING — WHEN COMPLAINT ALLEGES THAT A DECE-DENT FROM WHOM PARTIES CLAIM TITLE DIED INTESTATE, DEFENDANT MAY PROVE WILL OF DECEDENT UNDER GENERAL DENIAL. In an action for partition in which the complaint alleges that the parties named therein are seized in fee and entitled to the property therein described as heirs at law of a decedent who died intestate, a defendant, who denies all of the allegations of the complaint except that the parties named are the heirs at law and next of kin of decedent, may prove and read in evidence an unprobated will of decedent; evidence offered by plaintiff and a defendant, joining with him, tending to show that a subsequent will had been made by decedent which the contesting defendant had previously endeavored to establish as a will fraudulently destroyed before decedent's death, and had failed upon the sole ground that the contents of the will could not be established by the testimony of two witnesses as required by section 1865 of the Code of Civil Procedure, is incompetent and inadmissi-ble, since such evidence in no way tends to establish intestacy; nor is the contesting defendant estopped from proving the first will by the fact that she had previously attempted to establish the subsequent will.

*Whitney* v. *Carll*, 56 App. Div. 629, affirmed.

(Argued April 11, 1902; decided May 13, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered

January 21, 1901, which affirmed a judgment of the trial court dismissing the complaint on the merits and adjudging that the defendant Jennie W. Carll have judgment against the plaintiff and each of her co-defendants, except the defendant Richard C. Carll, upon the issues in the action, with costs.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Herbert L. Fordham* for Sealey B. Whitney, appellant. A new trial should be granted to the defendant Sealey B. Whitney for the reason that he was improperly prevented from giving evidence tending to show that the defendant Carll was estopped from proving the 1893 will and from claiming any benefit thereunder. (*Embury* v. *Conner*, 3 N. Y. 511; *Lorillard* v. *Clyde*, 122 N. Y. 41; *Clemens* v. *Clemens*, 37 N. Y. 59; *Carleton* v. *Lombard, Ayres & Co.*, 149 N. Y. 137; *Smith* v. *Smith*, 79 N. Y. 634; *Adams* v. *Conover*, 87 N. Y. 422; *Pray* v. *Hegeman*, 98 N. Y. 351; *Reich* v. *Cochran*, 151 N. Y. 122; *Leavitt* v. *Wolcott*, 95 N. Y. 212; *Harris* v. *Harris*, 26 N. Y. 433.) A new trial should be granted to the defendant Sealey B. Whitney for the reason that he was improperly prevented from giving evidence tending to show that the 1893 will had been revoked. (7 Am. & Eng. Ency. of Law, 87, 88.) A new trial should be granted to the defendant Sealey B. Whitney for the reason that no issue was raised by the pleadings, and that the motion for judgment on the pleadings should have been granted. (*Mitchell* v. *Thorne*, 134 N. Y. 536; *Bennett* v. *Mulry*, 6 Misc. Rep. 304; *Linton* v. *U. F. Co.*, 124 N. Y. 533; *Rice* v. *Coutant*, 38 App. Div. 543; *Lewis* v. *Coulter*, 10 Ohio St. 452; 1 Ency. of Pl. & Pr. 782.) A new trial should be granted to the defendant Sealey B. Whitney for the reason that the judgment herein does not conform with the verdict; and the order that was entered on April 20, 1900, in so far as it denies the motion of the said defendant, should be reversed. (11 Ency. of Pl. & Pr. 905.)

*George B. Stoddart* for Edwin R. Whitney, appellant. The appellants were entitled to judgment on the pleadings. (*Ben-*

*nett* v. *Mulry*, 6 Misc. Rep. 304; *Griffing* v. *L. I. R. R. Co.*, 101 N. Y. 348.)

*Thomas Young* for respondents. Under their general denial the defendants Carll had a right to prove the will of Dr. Whitney. (*Corwin* v. *Corwin*, 9 Barb. 219; Fiero on Spec. Act. 82; *Raynor* v. *Timerson*, 46 Barb. 518.) That a plaintiff fails to establish an alleged will by no means estops her, when subsequently made a defendant in a partition suit, from claiming under and proving a will of an alleged prior date. (*Harris* v. *Harris*, 26 N. Y. 440.)

BARTLETT, J. This action was brought for the partition of the real property of which Darling B. Whitney, deceased, died seized. The deceased left him surviving the plaintiff and the defendant Sealey B. Whitney, his sons, and the defendants Jennie W. Carll, the child of a deceased daughter, and Hattie F. W. Spicer, Roger N. Whitney and Stanton J. F. Whitney, children of a deceased son.

The complaint alleges that the deceased died intestate, and that the above persons are seized in fee and lawfully entitled to the possession of the property described, in certain proportions named, as heirs at law of Darling B. Whitney.

The defendant Sealey B. Whitney in his answer admitted and realleged the allegations of the complaint and joined in its prayer.

The defendant Jennie W. Carll in a separate answer admitted the death of Darling B. Whitney as alleged, and that the persons above named were his heirs at law and next of kin, but denied that he died intestate; she also denied generally the other allegations of the complaint. Richard C. Carll, the husband of Jennie, served a similar answer. It thus appears that Jennie W. Carll and her husband are the only persons defending this action, the other defendants being in accord with the plaintiff.

The trial court handed down a decision dismissing the complaint on the merits, and the Appellate Division having

affirmed the judgment entered thereon, the plaintiff and the defendant Sealey B. Whitney are appellants here and Jennie W. Carll and Richard C. Carll are respondents.

In order to present clearly the questions arising on this appeal, a few facts should be stated. At the time Darling B. Whitney died, on the eleventh of June, 1898, it was known that he had executed a will on the seventeenth of June, 1893, which was in existence. It was also believed that the deceased executed a will on the twenty-first of July, 1894, in which he revoked the will of 1893.

Early in 1899 the defendant Jennie W. Carll instituted suit in the Supreme Court against the plaintiff in this action and the other defendants herein, to establish the will of 1894 as the last will and testament of the deceased, on the ground that the same had been fraudulently destroyed by the defendant Edwin R. Whitney (plaintiff here) prior to the death of the testator. That action was defended by Sealey B. Whitney, the appealing defendant here. In the complaint in that action the defendant Jennie W. Carll set forth what purported to be a true copy of the will of 1894. The court found that during the fall of 1897 the defendant Edwin R. Whitney destroyed the paper purporting to be a will of his father, Darling B. Whitney; that the provisions of the paper set forth in the complaint and sought to be established as a will were proved only by the testimony of one witness. The conclusion of law followed that the plaintiff failed to establish the paper as a will, as required by law, and judgment was rendered for the defendants.

Section 1865 of the Code of Civil Procedure, providing for proof of lost wills in certain cases, requires that the provisions of the lost or destroyed instrument should be distinctly proved by at least two credible witnesses.

In the case at bar, the course of the trial was in substance as follows: The plaintiff, having moved for judgment on the pleadings, and the motion being denied, offered in evidence the summons, complaint, answer, findings and judgment in the case already referred to, in which Jennie W. Carll was

plaintiff, seeking to establish as a lost or destroyed instrument the will of 1894. Objection having been made to the introduction of this judgment roll as irrelevant and incompetent, the plaintiff's counsel stated that it was offered for the purpose of showing intestacy, and after some discussion the trial judge sustained the objection, giving an exception.

At this point the plaintiff rested, after offering in evidence documents immaterial to this appeal. The defendant Jennie W. Carll, notwithstanding various objections and exceptions of the defendants, then duly proved and read in evidence the testator's will of 1893. One Brigham, a witness of the will of 1893, was then recalled and further cross-examined by counsel for the defendant Sealey B. Whitney. This question was asked : " Were you employed by Darling B. Whitney in July, 1894, to draft a will for him ? " The defendant Carll objected on the ground that the question called for the conclusion of the witness and the contents of a purported written instrument and was, therefore, secondary. The objection was sustained and exception given. This question was then asked : " Did you at that time have a conversation with him concerning the preparation of a will for him ? Same objection and ruling." After considerable discussion as to these rulings, the counsel for the defendant Jennie W. Carll stated : " We have no objection if they proceed and prove a will executed in 1894, according to law in the proper manner, as we have proven the will of 1893, except the objection that the complaint alleges intestacy." The counsel for the defendant Sealey B. Whitney, having conferred with the other counsel in the case acting in accord with him, stated to the court : " My learned friends here prefer to rest the case where it is." Thereupon both sides rested. The plaintiff then moved to strike out all the evidence as to the will of 1893 on the ground that it was not set up in the answer. The plaintiff's counsel had previously insisted that the attempt to prove the will of 1893 had taken him by surprise, but no motion was made based on that allegation.

The defendants Carll moved for the direction of a verdict

in their favor and consented that the jury be discharged. The court thereupon denied the motion to strike out, and directed the jury to find a verdict in favor of the defendants Carll. The plaintiff then moved for a new trial on all the grounds mentioned in section 999 of the Code, and on the further ground that the testimony as to the will of 1893 was improperly introduced, not having been alleged in the answer. The court reserved its decision. The defendant Jennie W. Carll then moved to amend her answer if deemed necessary, and the decision of this motion was also reserved. Later the court dismissed the complaint on the merits.

The appellant and defendant, Sealey B. Whitney, presents several points on this appeal in which the plaintiff joins. It is urged that no issue was raised by the pleadings and that it was error to allow the proof of the will of 1893 as it was not pleaded in the answer of the defendant Jennie W. Carll. In other words, the question is whether the defendants Carll could offer this proof under their general denial.

" The cardinal rule on this subject is that under the general issue or the general denial of all the allegations of the complaint, the defendant may controvert by evidence any and every fact which the plaintiff is bound to establish to make out his cause of action." (*Raynor* v. *Timerson*, 46 Barb. 518, 525; *Andrews* v. *Bond*, 16 Barb. 633; *Griffin* v. *Long Island R. R. Co.*, 101 N. Y. 348, 354; *Robinson* v. *Frost*, 14 Barb. 536; *McKyring* v. *Bull*, 16 N. Y. 297; *Wheeler* v. *Billings*, 38 N. Y. 263; *Weaver* v. *Barden*, 49 N. Y. 286.)

The plaintiff stood upon the allegation of intestacy, and the defendants acting in accord with him occupied a like position, claiming interests in the real estate solely as the heirs at law of Darling B. Whitney. They were bound to maintain this position by proof, and it was competent for the defendants Carll to controvert by evidence any and every fact which the plaintiff was bound to establish. The ruling of the trial judge admitting the proof of the will of 1893 presents no legal error.

The claim of the defendant and appellant, Sealey B. Whit-

ney, that he was taken by surprise when the will of 1893 was offered in evidence, seems to have slight foundation. The existence of the will of 1893 was well known to all of the parties in this case, and the appealing defendant, Sealey B. Whitney, successfully defended the suit brought by the defendant Jennie W. Carll to establish as a lost will the alleged testament of 1894. They were also well aware that the suit had failed for the technical reason that the alleged last will and testament had not been established by the testimony of two witnesses; also that the trial judge did not find that the alleged will of 1894 had been revoked, but was destroyed by the plaintiff, Edwin R. Whitney, in the lifetime of the testator. The trial judge stated in his opinion that the evidence justified the conclusion that such destruction was fraudulent as against the testator.

Having in view all these circumstances, there was little reason for this plaintiff and the defendants acting in accord with him to assume that there was to be no contest in regard to the allegation that Darling B. Whitney had died intestate.

The appellants further urged that the judgment roll in the case which sought to establish the will of 1894 was competent as tending to prove the intestacy of Darling B. Whitney, also as operating by way of estoppel upon the defendant Jennie W. Carll in proving the will of 1893.

We are of opinion that the judgment roll in question was not competent evidence in this case for either purpose. It tended in no way to establish intestacy, nor was there anything in the position assumed by the defendant Jennie W. Carll in that case which estopped her from proving the will of 1893 on the trial of this action. It was competent for the defendant Jennie W. Carll to establish the destroyed will of 1894, if possible, and failing in that effort she was at liberty to prove the will of 1893 if so advised, as she was the residuary legatee under both wills.

The additional point is made by the defendant and appellant, Sealey B. Whitney, that it was error not to allow him to examine the witness Brigham, as already pointed out. The

evidence offered and excluded in this connection was certainly incompetent as the pleadings then stood alleging intestacy. The questions objected to tended in no way to establish intestacy.

These two questions were clearly incompetent in any view of the case.

The first question was, "Were you employed by Darling B. Whitney, in July, 1894, to draft a will for him?" This was objected to as calling for the conclusion of the witness and the contents of a purported written instrument and, therefore, secondary. There was no error in sustaining this objection.

The second question is, "Did you at that time have a conversation with him concerning the preparation of a will for him?" The same objection and ruling.

Adopting appellants' view of the situation then presented at the trial, it is evident that they made a mistake in resting their case before proper questions were propounded.

In view of the facts already discussed, it is difficult to understand the theory of the plaintiff and the defendants acting with him upon which this case was tried.

It is quite possible that injustice may have resulted to some of the defendants, but we are unable to find any question of law authorizing the reversal of the judgment.

We have examined the other points discussed by the appellants, but do not deem it necessary to consider them in detail.

The judgment and order appealed from should be affirmed, with costs.

PARKER, Ch. J., HAIGHT, MARTIN, VANN, CULLEN and WERNER, JJ., concur.

Judgment and order affirmed.