(118 App. Div. 497)

## FEINBERG v. ALLEN.

(Supreme Court, Appellate Division, Third Department. March 13, 1907.)

1. SHERIFFS—ACTION AGAINST—EVIDENCE—QUESTION FOR JURY.

    In an action for conversion of wood, which it is claimed defendant as sheriff wrongfully levied on and sold under an execution against plaintiff's wife, *held*, under the evidence, that the question whether defendant, after making the levy, relied on plaintiff's statement that he was not the owner of the wood in having it measured, appraised, and sold, was for the jury.

2. SAME—PLEADING MATTER OF ESTOPPEL—ADMISSIBILITY OF EVIDENCE.

    In an action for conversion of wood alleged to have been wrongfully sold by defendant as sheriff under an execution and levy against plaintiff's wife, it was not necessary for defendant to plead that he relied on plaintiff's statement that he did not own the wood in having it measured, appraised, and sold, but such facts were admissible to show that plaintiff was estopped to claim title to the wood as against defendant.

Appeal from Trial Term.

Action by Max Feinberg against Chauncey D. Allen. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

W. H. Dunn, for appellant.

Shedden & Vert (C. J. Vert, of counsel), for respondent.

JOHN M. KELLOGG, J. It is claimed that the defendant, as sheriff, on March 18, 1905, sold the plaintiff's wood on an execution against his wife, and for that alleged conversion of his property he has recovered here. The defendant asserts that in February preceding an attachment against the plaintiff's wife was delivered to his deputy, who went to the place where the wood was and levied upon it, and immediately went to the residence of the plaintiff and his wife, served the attachment upon her, and that at that time the plaintiff stated to him that he did not own the wood. Thereafter defendant's deputy measured the wood, caused an inventory to be taken and certified by two disinterested freeholders, and, after judgment was entered in the action again, went to the place where the wood was, levied the execution upon it, advertised the sale, attended at the place of sale for the purpose of the sale, and at the sale the plaintiff first claimed that he was the owner of the wood. The defendant contends that these facts proved, or tended to prove, that the plaintiff did not own the wood, and estopped him from asserting title to it.

The trial court, at the request of the plaintiff, charged that there was no proof in the case before the jury that the defendant acted upon any statement made by the plaintiff, to which the defendant excepted. The court evidently had it in mind that, if the statement was made after the levy and was retracted before the sale, the defendant, relying upon the statement, had taken no action to his prejudice, overlooking entirely the fact that the defendant claimed that he relied upon the statement from the time it was made, and after that measured the wood, caused it to be appraised, became liable for the

appraiser's fees, again went to the place and levied the execution upon
the wood, advertised the sale, and attended upon the day of sale.
Upon defendant's theory all of these acts had been done relying upon
the statement and before it was retracted. The charge was therefore
erroneous.

It was not necessary to plead the facts relied upon to create the es-
toppel. Such facts as a matter of evidence tended to show that the
plaintiff in good conscience did not own the property as against de-
fendant. In any event, the evidence was received without objection,
and was proper for the consideration of the jury.

The judgment and order should therefore be reversed, and a new
trial granted, with costs to the appellant to abide the event. All
concur.