FEINBERG v. ALLEN.

(Supreme Court, Appellate Division, Third Department. March 8, 1911.)

1. ESTOPPEL (§ 110*)—EQUITABLE ESTOPPEL—PLEADING—NECESSITY.
    An equitable estoppel ordinarily may be made available either by a plea in bar or may be used as evidence on the trial; and, if relied on as evidence, the facts creating the estoppel need not be pleaded.
    [Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 300; Dec. Dig. § 110.*]

2. SHERIFFS AND CONSTABLES (§ 130*)—CONVERSION—ESTOPPEL.
    In an action for the conversion of wood sold by the sheriff under an execution against plaintiff's wife, the sheriff may, without pleading the facts creating an equitable estoppel in favor of the execution creditor, show that plaintiff and his wife obtained from the execution creditor the money with which the wood was prepared for market, under the representation that the business was the wife's business, and that she was getting the wood out for the execution creditor, and that the moneys advanced were in part payment of the wood sought to be furnished to him.
    [Ed. Note.—For other cases, see Sheriffs and Constables, Dec. Dig. § 130.*]

Appeal from Judgment on Report of Referee.

Action by Max Feinberg against Chauncey D. Allen. From a judgment for defendant entered on the report of a referee, plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, SEWELL, and HOUGHTON, JJ.

C. J. Vert, for appellant.
William H. Dunn (John H. Booth, of counsel), for respondent.

JOHN M. KELLOGG, J. This case was before the court in 118 App. Div. 497, 103 N. Y. Supp. 339, and, in addition to the facts there stated, it now appears that the plaintiff and his wife obtained from the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

judgment creditor, Fonda, the money with which the wood in question was chopped and prepared for market, under the representation that the business was the wife's business, and that she was getting out the wood for Fonda, and that the moneys advanced were in part payment of the wood so to be furnished to him. Upon a refusal to deliver the wood, Fonda obtained a judgment against the wife and levied upon the wood in question, and the plaintiff brings this action claiming to be the owner of the wood, asserting that it was cut upon his land, and that he, instead of his wife, was doing the business. The appellant vigorously challenges the statement in the former opinion that it is not necessary to plead the facts relied upon to create an equitable estoppel.

[1] An equitable estoppel ordinarily may be made available either by a plea in bar or may be used as evidence upon the trial. If relied upon as evidence only, it is no more necessary to plead it than to plead any other kind of evidence.

In Krekeler v. Ritter, 62 N. Y. 372, the plaintiff, seeking to set aside the lien of a mortgage on the ground that it was procured by fraud, was defeated upon the trial by proof of another judgment in defendant's favor involving the same issue, although it was not pleaded; Allen, J., saying for the court:

"Had it been offered as constituting a bar, or as an estoppel in the action, it would have been inadmissible, not having been pleaded as a defense. * * * But, as evidence of a fact in issue, it was competent although not pleaded, like any other evidence, whether documentary or oral. A party is never required to disclose his evidence by his pleadings. The evidence was competent to disprove a material allegation of the complaint traversed by the answer. As evidence it was conclusive as an adjudication of the same fact in an action between the same parties."

In Meeder v. Providence Savings Society, 58 App. Div. 81, 68 N. Y. Supp. 518, Id., 171 N. Y. 432, 64 N. E. 167, an assignee of a life insurance policy pleaded that the premiums had been fully paid. The answer denied the allegation, and that constituted the defense. It was held competent under the pleadings for the plaintiff to prove that, before he took an assignment of the policy, the defendant had assumed the payment of the premium in question, and that the defendant was estopped from denying such proof of payment.

In Prevot v. Lawrence, 51 N. Y. 219, the essential fact to establish the estoppel was not pleaded, but the estoppel was treated as evidence, and given effect as such.

[2] It must therefore be considered that the defendant proved conclusively in this case that the wood was the property of the wife and therefore subject to the execution. The estoppel, as evidence, is as available to the defendants as it would be if Fonda himself were the defendant.

The judgment should be affirmed, with costs. All concur; SMITH, P. J., in result.

HOUGHTON, J. (concurring). If the plaintiff was estopped from asserting his ownership because of dealings had with Fonda in behalf of his wife, it was entirely proper for the referee to find that he was

the owner of the wood, but was estopped from asserting his title as to Fonda and therefore as to this defendant. It does not matter whether plaintiff was owner or not if he is estopped from claiming he is.

Except for the holding of this court on the former appeal (118 App. Div. 497, 103 N. Y. Supp. 339), to the effect that it is not necessary to plead facts relied upon to create an equitable estoppel, I should be of opinion that such a plea was necessary.

The authorities in this state are in some confusion respecting the necessity of setting up by an affirmative plea the defense of estoppel in pais. In Creque v. Sears, 17 Hun, 123, the former General Term of this Department held apparently with some hesitation in an action of ejectment that a defendant under a general denial might prove facts estopping the plaintiff from claiming that a boundary line was different from that which he represented it to be when the defendant purchased his land.

In Prevot v. Lawrence, 51 N. Y. 219, and in Larremore v. Squires, 30 Misc. Rep. 62, 62 N. Y. Supp. 885, it was held that, in an action for rent in which the tenant denied the landlord's title, the plaintiff might without special plea show that the defendant went into possession under a lease from plaintiff, and hence was estopped from denying his landlord's title.

In Rogers v. King, 66 Barb. 495, the defendant set up as a separate defense facts by way of estoppel, and the plaintiff did not reply, and it was held that it was not necessary for him to do so.

The same situation appears with respect to permitting proof on the part of the plaintiff in Meeder v. Prov. S. L. Assured Society, 58 App. Div. 80, 68 N. Y. Supp. 518, 171 N. Y. 432, 64 N. E. 167, where the complaint in an action upon a life insurance policy alleged that the premiums had been paid or caused to be paid. The answer set up nonpayment, and it was held that in reply to such a plea and proof the plaintiff might show that he inquired of the defendant whether the premiums had been paid when he took an assignment of the policy, and was told that they had been, thus proving estoppel against the defendant's claim that they were not paid. And also in Woolner v. Hill, 93 N. Y. 576, where it was held that plaintiff might prove waiver in reply to defendant's claim of nonperformance of contract.

These decisions relate to the necessity of pleading on behalf of the plaintiff, and throw little light on the subject because it is not necessary for a plaintiff to reply to an affirmative defense unless the court so orders. Code Civ. Proc. § 516; N. Y. Life Ins. Co. v. Aitkin, 125 N. Y. 660, 672, 26 N. E. 732. The only question passed on in Krekeler v. Ritter, 62 N. Y. 372, was whether or not a former judgment was admissible in evidence as showing that the same issues between the parties had been formerly tried; the court in the course of its opinion remarking:

"That had the judgment been offered as constituting a bar or as an estoppel it would have been inadmissible because it was not pleaded as a defense."

In Terry v. Buek, 40 App. Div. 419, 57 N. Y. Supp. 980, the rule was laid down that, where plaintiff had pleaded facts showing an es-

toppel, the defendant might take advantage of it in his own behalf without plea. In Dresler v. Hard, 6 N. Y. Supp. 500, the rule is stated that, when the matters relied upon by the defendant to constitute an estoppel do not affect the issues as made by the pleadings as to the original obligation, they must be pleaded in order to give the defendant the right to offer testimony in support of them.

Of course, under a general denial, the defendant has the right to controvert by evidence every fact which the plaintiff is bound to establish to make out his cause of action (Whitney v. Whitney, 171 N. Y. 176, 181, 63 N. E. 834; Terry v. Munger, 49 Hun. 560, 2 N. Y. Supp. 348), and under such rule, in an action for conversion, the defendant may show without such special pleading that the plaintiff had no title to the property which he claims was converted (Raynor v. Timerson, 46 Barb. 518).

So, in the present case, the defendant might have shown, and the referee might have found, that the wife, and not the plaintiff, was the owner of the wood in question. The referee did not so find, but found that the plaintiff was the owner, and that he was estopped from asserting that he was. In order to be entitled to make proof, a defendant must plead as constituting a defense the statute of limitations (Devoe v. Lutz, 133 App. Div. 356, 117 N. Y. Supp. 339), the statute of frauds (Crane v. Powell, 139 N. Y. 379, 34 N. E. 911), forfeiture (Fisher v. Metropolitan Life Ins. Co., 167 N. Y. 178, 60 N. E. 431), waiver (Grant v. Pratt & Lambert, 87 App. Div. 490, 84 N. Y. Supp. 983), and I see no reason upon principle why a defendant should not be compelled to plead the facts which operate as an equitable estoppel against the plaintiff if he desires to take advantage of such situation. The theory upon which a defendant is compelled to specially plead the statute of limitations, the statute of frauds, waiver, and the like is that he can avail himself of them if he chooses, but need not if he does not desire, and that, if he chooses to rely upon them, he must set forth the facts as new matter constituting a defense to the plaintiff's cause of action. The same reasoning applies to facts constituting an equitable estoppel. A defendant can avail himself of them if he wishes, or he can abandon them if he desires. Proof that plaintiff so conducted himself as to lead Fonda to believe that his wife actually owned the wood and to justify him in that belief was pertinent upon the question as to who owned the wood and whether she or the plaintiff did. The difficulty is that the learned referee found that, as against all the world except Fonda, the plaintiff was the owner, and that because of his conduct toward him he was estopped, without a special plea on behalf of defendant, from claiming ownership.

It is only because of the former decision in this same case that I concur in an affirmance of the present judgment.