(92 Misc. Rep. 458)

**EDWARD DAVIS, Inc., v. ADLER et al.**

(Supreme Court, Appellate Term, First Department. December 14, 1915.)

ACTION &⟶47—JOINDER OF CAUSES—CONSTRUCTION OF COMPLAINT.

In an action under Membership Corporations Law (Consol. Laws, c. 35) § 11, making the directors of membership corporations liable for debts of the corporation contracted while they are directors and payable within one year after they are contracted, the first cause of action alleged that defendants were directors of the corporation, and the second cause of action alleged that they were held out by the corporation with their permission and consent as being its directors, and that credit was extended in reliance on such holding out. *Held,* that the second cause of action was not based on misrepresentation, but alleged that defendants were liable as directors by way of estoppel, and whether or not the allegations of the complaint constituted two causes of action, or merely two counts of one cause of action, the complaint was not defective for misjoinder, as the allegations of the two so-called causes of action were not inconsistent.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 469, 470, 472–489; Dec. Dig. &⟶47.]

Lehman, J., dissenting.

Appeal from City Court of New York.

Action by Edward Davis, Incorporated, against Felix Adler and others. From an order denying its motion for judgment on the pleadings, plaintiff appeals. Reversed, and motion granted.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

---

Olcott, Gruber, Bonynge & McManus, of New York City (Irving L. Ernst and David W. Kahn, both of New York City, of counsel), for appellant.

Maurice Goodman, of New York City, for respondent Albee.

BIJUR, J.   Plaintiff sues defendants as directors of a membership corporation on their liability under section 11 of the Membership Corporations Law.   For the first cause. of action the complaint alleges recovery of a judgment against the corporation on its check for $1,500, which was not paid, the return of execution unsatisfied, and the fact that defendants were directors of the corporation within a period which would render them liable for the debt.   The second "cause of action" is based on the same allegations, except as to the defendants actually being directors of the corporation.   In place thereof, it is alleged:

That they were "held out by the said corporation with the permission and consent of the defendants, as being its directors," and "that credit for the indebtedness sued upon was extended on reliance of the fact and the holding out thereof," etc.

Defendants interposed a demurrer to the second cause of action on the ground that it did not state facts sufficient to constitute a cause of action, and to the complaint as a whole on the ground that causes of action had been improperly united, in that the two causes of action did not belong to any one of subdivisions 1 to 9, inclusive, of section 484 of the Code of Civil Procedure, and do not arise out of the same transaction, and are not consistent with each other, and, further, that the first cause of action sounds in contract and the second in tort.

The learned judge below was of opinion that the second cause of action was based on misrepresentation; that it was not well pleaded as such, because it lacked several essential elements; but that causes of action in tort and contract were thus improperly united.   I do not agree with these views.   It may be that the second cause of action is not properly pleaded because an allegation that defendants were "held out as directors" can be regarded as stating only a legal conclusion; but I do not understand that defendants' objection is addressed to that point.   Taking the allegation at its face value, I read the second cause of action to allege that defendants are liable as directors by way of estoppel.   I know of no rule which forbids the application of the doctrine of estoppel to prevent a defendant from claiming that he was not a director after he has, with his permission, been held out as such, and the plaintiff has relied on such holding out to his damage.   Nor do I see any valid objection to the form of pleading the facts constituting the estoppel, instead of averring the ultimate fact to which the estoppel applies, although there is an intimation in Andrews v. Ætna Life Ins. Co., 92 N. Y. 596, to the effect that such form of pleading is rather exceptional.   It seems quite evident that if a plaintiff should, after he has acted on the faith of the representation, and an estoppel has thus been created, ascertain that the actual facts are otherwise, he cannot truthfully plead other than the facts constituting the estoppel.

Whether an estoppel is in the true sense a separate and second cause of action may well be doubted. Indeed, it has been frequently held that an estoppel of this character need not even be pleaded (Feinberg v. Allen, 143 App. Div. 866, 128 N. Y. Supp. 906), although in the concurring opinion it is suggested that the question whether an estoppel need be expressly pleaded does not seem to have been settled in this state. However that may be, the defendant has no cause of complaint where the pleader sets out both the ultimate fact and the estoppel, unless indeed it be that this produces an inconsistency which renders the complaint defective. From this aspect, it is not important whether the allegations constitute two causes of action, or merely two counts of one cause of action, because I cannot see that they are inconsistent. Both may be true, and the plaintiff is, at all events, entitled to have both sets of facts upon which a recovery may be based presented for the determination of the jury. Shirley v. Bernheim, 123 App. Div. 428, 107 N. Y. Supp. 946. They do not suggest so much an inconsistency as was held to be permissible in Logan v. Whitley, 129 App. Div. 666, 114 N. Y. Supp. 255. See, also, Rubin v. Cohen, 129 App. Div. 395, 113 N. Y. Supp. 843.

Defendants cite, among other cases, Wiles et al. v. Suydam, 64 N. Y. 173; but that case has no application. There it was sought to recover on a debt of the corporation against the same person as a stockholder of the corporation on his liability as such and against him as a director of the same corporation for failure to file an annual report. It was pointed out that the one action was based on contract, while the other sought to recover on a penalty, and that although recovery was asked upon only one debt of the corporation, there were really two causes of action which did not, in the language of section 484, subd. 9, of the Code, arise "out of the same transaction, or transactions connected with the same subject of action."

Except, therefore, as to the possible criticism that the second cause of action in the instant case sets out only a legal conclusion (to which, as I have said, no objection was taken), I believe that the complaint is good, whether it be regarded as stating two causes of action, or only two counts upon the same cause of action.

Order reversed, with $10 costs and disbursements to the appellant, and motion granted, with $10 costs, with leave to the respondent to answer within six days upon payment of such costs and disbursements.

FINCH, J., concurs.

LEHMAN, J. (dissenting). The plaintiff has brought an action upon a complaint setting forth two causes of action. In both causes of action the plaintiff seeks to hold the defendants liable upon a check made to his order by a membership corporation "under and by virtue of section 11 of article 2 of chapter 40 of the Laws of 1909, known also as the Membership Corporations Law." Under that section the directors of a membership corporation are made liable for certain debts of the corporation under certain circumstances. The first cause of action sets forth all the facts necessary to establish that stat-

utory liability, including the fact that the defendants were, at the time the debt was contracted, directors of the membership corporation. The second cause of action contains the same allegations as the first cause of action, except that it omits the allegation that the defendants were directors of the corporation and substitutes in its place an allegation that they "were held out as directors," and that credit for the indebtedness was extended by the plaintiff to the corporation "on the belief and reliance of the fact, and the holding out thereof to the public, and in particular to the plaintiff, that said defendants were directors." The defendant demurred to this complaint upon the ground, first, that the causes of action have been improperly united; and, second, that the second alleged cause of action does not state facts sufficient to constitute a cause of action. The learned justice below has sustained the demurrer upon the second ground.

I agree with Mr. Justice BIJUR in the view that the plaintiff has attempted in his complaint to set forth the same cause of action in two forms or counts, and that, if the second alleged cause of action states facts sufficient to constitute a cause of action, the two causes of action are properly united. It seems to me, however, that the second cause of action is insufficient on its face. There can be no doubt that the liability of the directors of a membership corporation is purely statutory, and the plaintiff has himself pleaded the statute. The defendants under the statute can be held liable only if, at the time that the debt was incurred, they were directors of the corporation. The plaintiff must allege facts sufficient to constitute a cause of action, and the first element of any liability on the part of these defendants is their status as directors. The second alleged cause of action certainly fails to plead as an ultimate fact that the defendants were directors, but the complaint contains allegations which by a liberal construction might properly be considered as showing that they are estopped from denying that they are directors, and it is now urged that these allegations are sufficient. In a somewhat similar case (Andrews v. Ætna Life Ins. Co., 92 N. Y. 596) the Court of Appeals pointed out that the complaint "tenders no issue upon the actual fact." It is "apparently framed to preclude the inquiry. * * * It is an attempt on the part of the pleader to frame a cause of action upon facts constituting an equitable estoppel, instead of averring the fact as to which the estoppel applies, and relying upon the estoppel, to establish the fact upon which the right of action depends."

While there has, perhaps, been some doubt in this state as to the necessity of a plea of estoppel, where a party intends to rely upon facts constituting an equitable estoppel which will preclude the opposite party from proving a cause of action or a defense pleaded, it has, I think, never been doubted that a party may introduce, as evidence of the ultimate fact, evidence of an equitable estoppel without pleading such estoppel. See Feinberg v. Allen, 143 App. Div. 866, 128 N. Y. Supp. 906. It seems to me quite clear, therefore, that the only effect we can give to the allegations which are intended to set forth an equitable estoppel is that they are allegations of evidence by which the plaintiff intends to prove the ultimate fact. While perhaps a pleading which sets forth the evidence instead of the ultimate fact is inarti-

ficial, still such pleading is sufficient, provided the facts actually alleged are sufficient to raise a presumption *of law* that the ultimate fact exists. Such pleading is, however, insufficient if the facts raise only a rebuttable presumption of fact. See the prevailing and dissenting opinions and cases cited in De Cordova v. Sanville, 165 App. Div. 128, 150 N. Y. Supp. 709, reversed on dissenting opinion 214 N. Y. 662, 108 N. E. 1092. In this case I think that, even if an inference or deduction that the defendants were directors of the corporation can be drawn from the allegation that the defendants were held out by the corporation as directors with their permission and consent, this inference would clearly be merely one of fact, and such an inference could certainly be rebutted by explanation of the admissions or by affirmative proof to the contrary. It could therefore not be doubted, I think, that a pleading which merely set forth this evidence would be insufficient.

It is urged, however, that if the complaint alleges facts sufficient to establish an equitable estoppel, then it sets forth a cause, because, if such facts are proven, the defendants will be precluded from introducing any evidence to rebut the inference which may be drawn from the defendants holding themselves out as directors. This contention, however,' seems to me unsound for two reasons: The ultimate fact to be established is that the defendants *were directors;* the pleadings must allege this fact, either expressly or by *necessary inference of law* from other facts, and even though the facts alleged herein be proven, they do not lead to any necessary inference that the defendants were directors, but lead only to the possible inference of fact that defendants were directors, and to the necessary inference of law that the defendants are precluded from showing the contrary, and this inference of law is no possible part of the cause of action, but is material only upon the manner of trial. Moreover, even though all these facts may be true, the defendants may yet be in a position to show that the plaintiff has thereafter accepted the credit of the actual directors, or done some other act which would prevent the equitable estoppel from being enforced, and yet be unable to deny the actual facts alleged. They certainly should not be required in such a case to plead their own evidence as an affirmative defense to show how they intend to meet the evidence set forth by the plaintiff.

It seems to me that in construing pleadings there is only one safe rule to follow. The pleadings *must* allege the essential fact that is the basis of the attempted cause of action, and, while the allegations of the complaint are to be liberally construed, they must, when so construed, be sufficient to show, either expressly or by a necessary inference, that the essential fact exists, and pleadings which "tender no issue upon the actual fact, and are apparently framed to preclude the inquiry," are insufficient.

Order should be affirmed, with costs.