It appears that the defendant is a domestic corporation and transacts part of its business in the building at No. 474 West 159th street and maintains an elevator in said building. The plaintiff was employed in the building as a range handler or helper, and he was required to assist in moving stoves and ranges in the building and to and from the defendant's wagons, and occasionally riding on said wagons to buildings occupied by customers of defendant. On January 13, 1915, while one of the defendant's wagons was in front of the building and close to the elevator, and while the plaintiff in the course and discharge of his duties was assisting in removing one of the stoves from the wagon onto the elevator, and had stepped on the tailboard for that purpose, the chains and tailboard gave way, and the plaintiff fell and was injured.

The defendant contends that this case comes within group 10 of section 2, chapter 41, of the Laws of 1914, which reads as follows:

"Longshore work, including the loading or unloading of cargoes or parts of cargoes of grain, coal, ore, freight, general merchandise, lumber or other products or materials, or moving or handling the same on any dock, platform or place, or in any warehouse or other place of storage."

It is clear that the plaintiff was not engaged in longshore work, nor in the handling of cargoes, nor was he then engaged in the handling of the same in any warehouse or other place of storage. It is clear from a reading of the section that it was the intention of the Legislature to cover such cases as might arise in the removal of cargoes from ships and docks to warehouses, especially carried on for hire. In Miham v. Hussey, 169 App. Div. 742, 155 N. Y. Supp. 860, it was held that an employer in the wholesale business, who, in connection therewith, maintains a place in which to store his goods, is not engaged in warehousing within the meaning of the statute.

The case is not covered by group 10 of section 2 of the Laws of 1914, and therefore the motion herein must be denied.

---

EDWARD DAVIS, Inc., v. ADLER et al.

(Supreme Court, Appellate Division, First Department. April 20, 1916.)

1. CORPORATIONS ☞360(1)—ACTION AGAINST DIRECTOR—SUFFICIENCY OF COMPLAINT—STATUTE.

In a suit under Membership Corporations Law (Laws 1909, c. 40; Consol. Laws, c. 35) § 11, making the directors thereof jointly and severally liable for any debt of the corporation contracted while they are directors, payable within one year or less, if an action for the collection thereof be brought against the corporation within one year after the debt becomes due and an execution is returned wholly or partly unsatisfied, and if the action be commenced within one year thereafter, a complaint which alleged the jurisdictional facts, except that, instead of alleging defendant to be a director of the corporation, it alleged that he was held out by it with his permission as being its director and that the credit was extended in reliance on that fact, was insufficient for failure to allege that defendant was in fact a director.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1503, 1505; Dec. Dig. ☞360(1).]

☞For·other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. CORPORATIONS ⬥⇒360(1)—ACTION AGAINST DIRECTOR—FRAUD.

Such complaint did not contain the necessary allegations for an action based upon fraud or misrepresentation, since the allegations of "holding out" were mere conclusions, unsupported by facts, and since there were no allegations showing that the representations were false.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1503, 1505; Dec. Dig. ⬥⇒360(1).]

3. ACTION ⬥⇒45(1)—MISJOINDER OF CAUSES—CONSTRUCTION OF COMPLAINT.

In such suit, where no attempt was made to set forth a cause of action sounding in tort or inconsistent with the theory with the first cause of action, the demurrer for misjoinder was not well taken.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 378–383, 385–402; Dec. Dig. ⬥⇒45(1).]

Appeal from Appellate Term, First Department.

Action by Edward Davis, Incorporated, against Felix Adler and Edward F. Albee, impleaded with others. From a determination of the Appellate Term (92 Misc. Rep. 458, 156 N. Y. Supp. 157), reversing an order of the City Court and granting plaintiff's motion for judgment on the pleadings, defendants appeal. Determination modified and affirmed.

Argued before CLARKE, P. J., and LAUGHLIN, DOWLING, PAGE, and DAVIS, JJ.

Maurice Goodman, of New York City, for appellants.

David W. Kahn, of New York City, for respondent.

PAGE, J. The plaintiff sues the defendant upon a liability arising by virtue of section 11 of the Membership Corporations Law (Laws 1909, c. 40; Consol. Laws, c. 35) which provides that:

"The directors of every membership corporation * * * shall be jointly and severally liable for any debt of the corporation contracted while they are directors, payable within one year or less from the date it was contracted, if an action for the collection thereof be brought against the corporation within one year after the debt becomes due, and an execution issued thereon * * * be returned wholly or partly unsatisfied, and if the action against the directors to recover the amount unsatisfied be commenced within one year after the return of such execution. * * *"

The complaint sets forth two causes of action. The first alleges all the necessary jurisdictional facts and states that the defendant was a director of the corporation at the time the debt was contracted. The second repeats the same facts, except that, instead of stating that defendant was a director of the corporation, it alleges that the defendant and his codefendants—

"were held out by the said Vaudeville Comedy Club, with the permission and consent of the defendants, as being the directors of said Vaudeville Comedy Club, and the credit for the indebtedness mentioned and described in said paragraph 'Third' hereof was extended by said plaintiff * * * on the belief and reliance of the fact and the holding out thereof to the public. * * *"

The defendant has demurred to the complaint on the ground of misjoinder of causes of action, and has demurred to the second alleged cause of action on the ground that it does not state facts sufficient to constitute a cause of action. The Special Term of the City Court denied plaintiff's motion for judgment on the pleadings, in effect sus-

taining both demurrers. This was reversed by the Appellate Term; the majority of the court holding that the second cause of action was identical with the first in theory, except that it set forth the evidentiary facts making the defendant a director by estoppel, instead of pleading the ultimate fact and relying upon the estoppel to establish it at the trial.

[1] I am of the opinion that with respect to the second cause of action the determination of the Appellate Term must be reversed. The liability sought to be enforced being purely statutory, and not based upon fraud or misrepresentation, the plaintiff could only enforce the liability provided by the statute by alleging and proving that the defendant was in fact a director and within the provisions of the statute. It is clear that a man cannot become director of a corporation by estoppel. He might by his conduct be estopped to deny his liability, but it would be a liability based upon fraud and deceit, and not the statutory liability. In such case the statute would only be available for the purpose of determining the measure of damages.

[2] The second cause of action is insufficient as an action upon the statute, and it does not contain the necessary allegations for an action based upon fraud or misrepresentation, since the allegations of "holding out" are mere conclusions unsupported by facts, and there are no allegations showing that the representations were false. The demurrer to it is accordingly well taken, and would have to be sustained, had the defendant made a cross-motion for such relief.

[3] No attempt was made to set forth a cause of action sounding in tort or inconsistent in theory with the first cause of action. The demurrer for misjoinder was not well taken.

The determination of the Appellate Term should be modified, by denying the plaintiff's motion as to the second cause of action, and, as modified, affirmed, with costs to the appellant. All concur.