Brewster, J.
The question here is whether the complaint states facts sufficient to constitute a cause of action.
The complaint alleges an oral agreement between defendant and two other erstwhile coadventurers whereby among other things they mutually agreed to organize the plaintiff business corporation,. and that each would invest therein as a stockholder an equal one third of $50,000 in its capital and that a *240 part of such investment would be constituted by a conveyance by each of them to the plaintiff of the interest which they agreed to acquire in the purchase of a summer resort hotel to be owned and operated by plaintiff. Complete execution of the aforesaid agreement is alleged, except, it is charged, the defendant, after due call, refused to make his promised investment, repudiated his stock subscription, and refused to pay in money or otherwise for certain of plaintiff’s stock duly issued and delivered to and accepted by him as the agreed consideration for his promised conveyance of the interest he acquired in the contract for the purchase of the real estate, and which contract he and his coadventurers had entered into in pursuance of their aforesaid agreement, each paying an equal one third of the down payment.
On the aforesaid state of facts which, along with their resultants, are pleaded in extenso, plaintiff seeks damages for defendant’s breach of his agreements.
That plaintiff is a proper party to sue is not questioned and seems well settled. (Avon Springs Sanitarium Co. v. Weed, 189 N. Y. 557, revg. 119 App. Div. 560, 567, see dissenting opinion.)
Defendant-appellant’s contention is that the complaint is insufficient in law on the face thereof in that it is based upon the breach of an agreement which he could break with impunity, the rationale being that his alleged defaults are shown as only referable to an indivisible oral agreement which is unenforcible because a part thereof provided for the conveyance of an estate or interest in real estate and hence was under the prohibition of the Statute of Frauds. (Real Property Law, § 259.)
The complaint states facts which, if true, disclose a situation where the protection of the statute, if accorded, would work a fraud upon the plaintiff, its creditors and its other incorporators. That statute does not render the oral contract absolutely void. Its function is to bar a remedy. It may be effectively waived or one may be estopped from its effective assertion. (Woolley v. Stewart, 222 N. Y. 347, 351; Bayles v. Strong, 104 App. Div. 153, 156, affd. 185 N. Y. 582; Wolfe v. Wallingford Bank & Trust Co., 124 Conn. 507; 49 Am. Jur., Statute of Frauds, § 581; 27 C. J., Statute of Frauds, § 398, p. 311.) It is a rule of evidence. (Hutchins v. Van Vechten, 140 N. Y. 115, 120.) It is a defense, affirmative in nature and in given instances unavailable unless pleaded and proven (Crane v. Powell, 139 N. Y. 379; Matthews v. Matthews, 154 N. Y. 288), although here *241 defendant has duly raised its protective shield by his motion under rule 106 of the Buies of Civil Practice which is equivalent to a demurrer under the former practice.
Admit, arguendo, that the oral agreement between the coadventurers was indivisible and in prima facie aspect unenforeible when allowably confronted with the defense of the statute, and that the breach counted upon is referable to the agreement, still, we also find facts alleged which, if established, could amount to an estoppel in pais and be sufficiently efficient to demolish the shield of the essayed defense. Must, then, the cause be lost because of the test afforded by the motion to dismiss? True, the action is one at law for damages proximately arising out of defendant’s failure to honor his oral engagements. But it is also true that the doctrine of estoppel in pais, although of equitable origin, is available at law. (Williamsburgh Sav. Bank v. Town of Solon, 136 N. Y. 465, 474; Mattes v. Frankel, 157 N. Y. 603; Witherell v. Kelly, 195 App. Div. 227, 233; Dickerson v. Colgrove, 100 U. S. 578, 584; Canfield v. Gregory, 66 Conn. 9, 17.) Here facts capable of constituting the estoppel are pleaded and may be regarded as an element of the cause of action. It was permissible to plead them to preclude the defense (Feinberg v. Allen. 143 App. Div. 866, affd. 208 N. Y. 215), and in many jurisdictions it has been held that to serve that end it is necessary to do so. (120 A. L. R. pp. 9-33.) A quite similar cause of action was sanctioned in Wolfe v. Wallingford Bank & Trust Co. (supra). As tested by the motion to dismiss the complaint may be regarded as setting forth a cause of action to recover damages for defendant’s breach of an oral agreement, the invalidity of which he is estopped to assert because of his conduct in reference thereto and the consequences it entailed. So considered it survives the attack.
The order should be affirmed, with $25 costs and disbursements.
Poster, P. J., Heeeeritae-, Santry and Bergak, JJ., concur.
Order affirmed, with $25 costs and disbursements.