Charles Lambiase, J.
This is an application by the claimants:
*502 “ for an order requiring the State of New York through its appropriate officers, agents or employees to submit to an examination before trial by the claimants herein, such examination to be upon the following matter, to wit:
“ (1) To prove that the State of New York appropriated for temporary use prior to the permanent appropriation all of the lands which were ultimately permanently appropriated and to show the nature and extent of such temporary appropriation;
“ (2) To prove that both the permanent appropriation and the temporary appropriation were made in connection with the production of power under the statute and not for the improvement of navigation, and to prove that the uses and purposes to which said land has been and will in the future be devoted is not for the improvement of navigation but for the purpose of producing water power, and to prove that the State of New York through its Power Authority has determined to devote the use of the property, so taken, to the production and sale of water and electric power; and
“You Will Please Further Take Notice that at said time and place the undersigned will move to compel the State of New York to produce upon such examination the records, papers, maps, plans and other documents in its possession or under its control which will tend to prove the facts sought to be proved on such examination, as aforesaid; and * * *
‘" will also move for such other, further and different relief in the premises as may be just and equitable ”.
The State of New York resists the granting of the relief herein asked for.
The claim is made “ (1) for the permanent appropriation of land by the State of New York through the Power Authority of the State of New York, acquired in the name of The People of the State of New York for the Improvement and Development of the International Rapids Section of the St. Lawrence River, pursuant to Section 30 of the Highway Law as made applicable by Article 5, Title 1, of the Public Authorities Law; and (2) for the temporary easement on and over said land by the same Authority and for the same purposes and under the same statutes.”
While the State is not required to answer a claim and all allegations in the claim are treated as denied (Court of Claims Rules, rule 13), it is a matter of public record and it is not disputed that the appropriation of claimants’ property herein was effected by the State of New York as alleged in paragraph 2 of claimants’ claim.
*503 Section 288 of the Civil Practice Act expressly requires that the proposed examination of a party, an original owner of the claim, or of any other person shall be material and necessary in the prosecution or defense of the action in which the deposition is sought. In respect to parties and original owners of claims, this is the sole statutory requirement. The word “necessary” as used in the foregoing section has been held to mean “needful” and not “indispensable”. (Terry v. Ross Heater & Mfg. Co., 180 App. Div. 714.)
It is a matter resting in the sound discretion of the court to permit an examination of a party before trial, when material and necessary, irrespective of who has the affirmative, although, as a general rule, governing the exercise of discretion, the court will deny the application, unless the testimony be necessary to prove the claim or an affirmative defense. (Public Nat. Bank of N. Y. v. National City Bank of N. Y., 261 N. Y. 316.) And when an examination is sought after the joinder of issue, it will usually be limited to the matters in issue. (Burrows v. Magnetic Analysis Corp., 231 App. Div. 619.)
The preamble or “Declaration of policy” contained in the Power Authority Act (L. 1931, ch. 772; L. 1939, ch. 870, as amd. by L. 1951, ch. 146; L. 1954, ch. 822; L. 1955, ch. 865) provides as follows (Public Authorities Law, § 1001): “Those parts of the Niagara and Saint Lawrence rivers within the boundaries of the State of New York are hereby declared to be natural resources of the state for the use and development of commerce and navigation in the interest of the people of this state and the United States. In order to provide for the most beneficial use of these natural resources, for the creation and development of hydroelectric power in the interest of the people of the state, and to preserve and enhance the scenic beauty of the Niagara Falls and river, such natural resources, including the beds and waters of the said rivers as instrumentalities of commerce and navigation, and the beds, waters, power and power sites in, upon or adjacent to or within the watersheds of the said rivers, owned or controlled by the people of the state, or which may hereafter be recovered by or come within their ownership, possession and control, shall always remain inalienable to, and ownership, possession and control thereof shall always be vested in, the people of the state.” (As amd. by L. 1951, ch. 146, § 1, eff. March 20, 1951.)
Section 1002 of the same law provides:
“For the purpose of effectuating the policy declared in section one thousand one of this chapter and of improving the Niagara and Saint Lawrence rivers as instrumentalities of com *504 merce and navigation and developing the hydro-electric power resources thereof, there is hereby created a corporate municipal instrumentality of the state to be known as Power Authority of the State of New York hereinafter in this title referred to as the authority, which shall be a body corporate and politic, a political subdivision of the state, exercising governmental and public powers, perpetual in duration, capable of suing and being sued, and having a seal, and which shall have the powers and duties hereinafter enumerated, together with such others as may hereafter be conferred upon it by law.
‘ ‘ It shall report annually to the governor and the legislature upon its operations and transactions.” (As amd. by L. 1951, ch. 146, § 2, eff. March 20, 1951.) The foregoing objectives are repeated in consistent broad language and in the grant of powers specified in the later sections of the act. For a detailed discussion of the objectives and purposes of the Power Authority of the State of New York see Cuglar v. Power Auth. of State of N. Y. (four cases) (4 Misc 2d 879, affd. 4 AD 2d 801)
There is no allegation in the claim that the appropriation was for other than such enumerated objectives and purposes. In fact, it is alleged in the claim as hereinbefore noted that the appropriation was ‘ ‘ for the Improvement and Development of the International Rapids Section of the St. Lawrence River, pursuant to Section 30 of the Highway Law as made applicable by Article 5, Title 1, of the Public Authorities Law ”. We may note at this point that section 30 of the Highway Law provides the mechanics of land acquisition such as the preparation of descriptions and maps, filing with the Department of Public Works and the Department of State and in the office of the appropriate County Clerk of each county, upon completion of which ‘ ‘ the appropriation by the state of the property described * * * shall be deemed complete and the title to such property shall be vested”. (Subd. 6.)
The appropriation maps and descriptions herein express the purposes for which the property was acquired, which purposes are as expressed in said title 1 of article 5 of the Public Authorities Law. Courts accept as fact that yhich is expressed in an act to be the legislative purpose unless from the face of the act or from facts which may be judicially noticed it is made to appear that the taking is not for the expressed purpose (Matter of Hicks Development Corp. v. Incorporated Vil. of Lawrence, 282 App. Div. 1048, 1049, affd. 306 N. Y. 922; Waterloo Woolen Mfg. Co. v. Shanahan, 128 N. Y. 345; Matter of Public Service Comm., 217 N. Y. 61, 69); and there is nothing before us from which we may conclude that the acquisition was *505 for anything other than the objectives and purposes set forth in the statute.
In the light of the foregoing we have concluded that claimants have failed to show that an examination as to Item 2 (thus designated in claimants’ notice of motion) is necessary within the provisions of section 288 of the Civil Practice Act, and examination as to said item must be and hereby is denied.
It is alleged in paragraph 7 of the claim: ‘ ‘ With reference to the appropriation for temporary easement purposes, herein-before referred to, the map which was filed, Map No. 62, and purports to cover Parcels 85 and 86, as described in Schedule A, it is the claim of the claimants that the State of New York took possession of all the property owned by claimants described in Schedule A on or about September 30, 1954, and continued to occupy, possess and use the same from that time until the permanent appropriation thereof as aforesaid.” Schedule “A” above referred to covers parcels of claimants’ land designated as Nos. 85, 86, 172 and 173, all of which were later permanently appropriated. It is conceded that no notice of appropriation together with map and description of the temporary easement was ever personally served on claimants.
It is set forth in the affidavit submitted by the State of New York in opposition to this application that Map No. 62 covering a temporary easement on property of the claimants known as Parcels 85 and 86 was filed in the office of the Department of Public Works, and that a certified copy of such map and description of the property was filed in the office of the Department of State on the 6th day of October, 1954; that subsequent thereto a revision of the above-said map and description, being designated as Map 62-R1 covering parcels described as 85, 86, 172 and 173, was filed in the office of the Department of State on the 21st day of March, 1955, which revised map and description proposed an appropriation of the fee of the described premises; that thereafter a map covering the same premises, designated as Map 62-R2 covering parcels known as 85, 86, 172 and 173, was filed in the office of the Department of State on the 23rd day of December, 1955, and that such later filing covered the fee of the described premises and was a revision to .correct certain engineering discrepancies contained in Map 62-R1 previously filed as herein described; that said Map 62-R2, which also included a description of the property, was filed in the office of the Clerk of the County of St. Lawrence on the 3d .day of January, 1956 and that personal service on the above claimants of such map and description was completed on or about the 16th day of August, 1956; that the said maps Nos. 62 *506 and 62-R1 were never filed in the office of the Clerk of the County of St. Lawrence nor were they served upon the claimants herein; and that the State of New York or its agencies or agents first entered upon the property described in Map 62 on or about the 13th day of October, 1954 and upon the parcels described in Map 62-R1 and 62-R2 on or about the 11th day of May, 1955. All of said maps are matters of public record and can be obtained by claimants. In fact, photostat copies of Maps Nos. 62 and 62-R2 are attached to the claim. Claimants may, therefore have no examination of them. (Matter of Smathers, 152 Misc. 774.)
, In the light of the foregoing, it appears that an issue has been raised as to how much of claimants’ land was actually .occupied by the State of New York under the temporary easement and as to the duration and period of said occupation. Examination on said issue is hereby determined to be material and necessary to claimants and is granted under Item (1) of the notice of motion. And the State of New York is to produce upon said examination the records, papers, plans and other documents (other than the appropriation maps hereinbefore found to be matters of public record) in its possession or under its control with reference to and concerning said issue and item, their production being deemed material and necessary.
An order may be submitted directing the State of New York to appear for examination before trial concerning the item and matter hereinbefore set forth with reference to which examination has been granted herein, by an officer, agent or employee designated and produced by it and having knowledge of the facts as to which testimony is required (claimants having set forth by affidavit that they do not know and have no means of knowing what officer, agent or employee of the State of New York has knowledge of the facts as to which the testimony is required and stating the reasons therefor [Rules Civ. Prac., rule 122]) at the office of said officer, agent or employee on a day and at an hour of said date to be agreed upon as is hereinabove provided for and at such further times and places as may be mutually agreed upon by the parties or as directed by the court.
Said order shall provide that the State of New York produce at the time of said examination the records, papers, plans and other documents hereinbefore provided to be produced in connection with the matter concerning which examination has been granted, and shall also provide that such records, papers, plans and other documents are to be used on such examination before trial only and for the purposes provided for in section 296 of the Civil Practice Act.
*507 It shall also be provided in said order that the examination shall be before a person qualified under section 301 of the Civil Practice Act to be agreed upon by the parties hereto, and that the fees and expenses of such examination shall be paid by the .claimants including the cost of a copy of the stenographer’s ¡minutes to be furnished to the Attorney-General of the State of New York.
If the parties are unable to agree as to the matters herein .provided to be agreed upon, the court will make proper provision therefor.
Except as is herein specifically granted claimants’ motion is denied.
Settle order on notice.