## (June 8, 1964)

■ ROSE L. CARPINELLI, Individually and as Guardian ad Litem of KAREN CARPINELLI, an Infant, Respondent, v. MANHATTAN BOTTLING CORPORATION, Appellant.— In a negligence action, the defendant appeals from an order of the Supreme Court, Kings County, dated January 16, 1964, which denied its motion for leave to renew a prior motion to direct the examination of the infant plaintiff by psychogalvanic skin reaction tests. Such motion for *leave* to renew was in effect a renewed motion, based on additional facts, to require the infant plaintiff to submit to said tests; and it was so treated. Order reversed, without costs; and the defendant's renewed motion to examine the infant plaintiff by psychogalvanic skin reaction tests is granted; but

pursuant to statute (CPLR 3103) the motion is granted on the following conditions: (1) That the tests be conducted at defendant's expense, on 10 days' written notice or at such other time as the parties may mutually fix in writing; (2) that such tests be conducted under the auspices of the Hearing Clinic of the Department of Otolaryngology at Columbia Physicians & Surgeons Hospital, with leave to each of the parties to select one doctor to be present during the tests; (3) that the admissibility in evidence at the trial of the findings and results of such tests shall rest in the discretion of the Justice who will preside at the trial of this action; (4) that the exercise of such discretion shall be dependent, *inter alia,* upon the reasonable certitude of such findings and results; and (5) that each of the parties shall be supplied, at defendant's expense, with a copy of the report of the tests, setting forth all the procedures followed and all the findings and results. The learned Justice at Special Term denied the motion upon the ground that the psychogalvanometer, which is the instrument utilized in the skin reaction tests here sought, had not yet received such general scientific acceptance as would justify admitting in evidence the results of the tests. In our opinion, the denial of the application was an improvident exercise of discretion. It is not disputed that these tests are of some value, at least for research purposes, and that they may result in important evidence of the infant plaintiff's condition. Nor is it disputed that the tests are harmless and involve neither pain nor discomfort. Indeed, they have already received judicial approval (*Habersham* v. *Grimaldi,* 18 A D 2d 615). Under the circumstances, the tests may well be "material and necessary in the * * * defense of [the] action" (CPLR 3101). In similar context, the word "necessary" has been construed to mean "needful", not "indispensable" (*Andrews* v. *State of New York,* 10 Misc 2d 501; *Parsons* v. *Moss,* 171 Misc. 828). The record amply supports defendant's contention that the tests are presently needful. There is no requirement that the results of the tests be decisive or invulnerable. For present purposes it is sufficient if, as the record here clearly shows, such results *may be* admissible and *may be* of material assistance in the administration of justice (cf. *Habersham* v. *Grimaldi,* 18 A D 2d 615, *supra*). Whether such results will actually be admissible upon the trial must necessarily rest in the Trial Justice's discretion, to be exercised upon the basis of all the proof adduced at the trial. That question should not be predetermined now. Kleinfeld, Christ, Brennan and Hopkins, JJ., concur; Beldock, P. J., dissents and votes to affirm the order, with the following memorandum: The record is devoid of evidence tending to show a general scientific recognition that the psychogalvanic skin reaction tests possess any efficacy. There is no evidence that these tests are recognized by experts as possessing such value that reasonable certainty can follow from their use. Since the results of such tests would, therefore, be inadmissible in evidence at the trial (*People* v. *Forte,* 279 N. Y. 204, 206), it may not be said that it was an improvident exercise of discretion for the Special Term to deny defendant the right to examine the infant plaintiff by means of such tests.