■ Luz E. Castrillon et al., Respondents, v City of New York et al., Appellants. — In a medical malpractice action, defendants appeal from an order of the Supreme Court, Queens County (Lerner, J.), dated January 5, 1982, which denied their motion for an order directing the plaintiff wife to submit to additional X-ray studies. Order reversed, with $50 costs and disbursements, and motion granted. The plaintiff wife is directed to submit to the taking of X rays at a time and place, and by a physician, to be designated by defendants in a written notice of not less than 10 days, or at such other time and place as the parties may agree. The X rays shall be made available to plaintiffs for inspection and a copy of any medical report made in connection with the X rays shall be furnished to plaintiffs without charge. The acts complained of occurred in October, 1979, during the course of the plaintiff wife's hospitalization for the delivery of a child. The injuries and their residual effects are claimed to be permanent. In a "notice of availability" dated August 27, 1981, the plaintiff wife consented to be examined by a physician of defendants' choosing. She objected, however, to the taking of X rays on the basis that they would be hazardous to her health. Defendants thereupon moved to compel her to submit to the taking of X rays on the ground that they are essential to a defense of the action. The X rays in defendants' possession were taken in 1979 and bear little relevance to any permanent condition presently claimed by the plaintiff wife. It is well settled that X rays may be taken in connection with a physical examination in order to enable a defendant to ascertain the nature and extent of the injuries claimed (*Goldman v Linkoff,* 45 AD2d 709; *Feinberg v Fairmont Holding Corp.,* 272 App Div 101; *Gimenez v Great Atlantic & Pacific Tea Co.,* 236 App Div 804). It is incumbent upon a party who refuses to submit to X rays to establish by competent medical evidence that they are dangerous or harmful. Insofar as the plaintiff wife has failed to present any evidence beyond her bare allegations, it was error for Special Term to have denied defendants' motion. Mollen, P. J., Gulotta, Brown and Niehoff, JJ., concur.