■ AMY CAPTAIN, Respondent, v MARTIN KOBAK, Appellant. — In a medical malpractice action, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Giaccio, J.), dated November 23, 1982, as, upon reargument of that breach of defendant's cross motion which sought a protective order against plaintiff's notice of availability for a physical examination, adhered to the original decision denying said branch of his cross motion. Order reversed, insofar as appealed from, with costs, and upon reargument, that branch of defendant's cross motion which sought a protective order against plaintiff's notice of availability for a physical examination granted to the extent that plaintiff is directed to submit to a physical examination, which shall include the taking of X rays, at a time and place, and by a physician, to be designated by defendant in a written notice of not less than 10 days. The physical examination shall take place no more than 30 days after service upon defendant of a copy of the order to be made hereon, with notice of entry. The X rays shall be made available to plaintiff for inspection, and a copy of any medical report made in connection with the X rays shall be furnished to plaintiff without charge. The underlying action stems from defendant's alleged negligence in performing an operation on plaintiff's right foot in December, 1979. As a result of this operation, plaintiff claims to have sustained serious, permanent injuries to her right foot and leg. On September 20, 1982, after prolonged motion practice, plaintiff served defendant with a "notice of availability" for a physical examination to take place at the office of her attorneys. In connection with an unrelated application by plaintiff, defendant cross-moved, *inter alia,* for a protective order against the notice, requesting that the situs of the physical examination be moved to a physician's office. The cross motion was denied. Defendant moved for reargument contending that, since the last set of X rays were taken more than two years previously, additional X rays of plaintiff's foot must be taken in order to determine plaintiff's present physical condition, and this can only be done in a physician's office. Special Term granted reargument but adhered to its initial decision. It is well settled that X rays may be taken in connection with a physical examination so that a defendant may ascertain the nature and extent of the injuries claimed (*Goldman v Linkoff,* 45 AD2d 709; *Feinberg v Fairmont Holding Corp.,* 272 App Div 101). Additional and more current sets of X rays will also be allowed if the plaintiff fails to establish by competent medical evidence that they are dangerous or harmful (*Castrillon v City of New York,* 91 AD2d 986; *Esposito v New York Hosp.,* 114 Misc 2d 756). Since plaintiff has failed to present any evidence beyond her bare allegations, and since moving the *situs* of plaintiff's physical examination will not unduly burden plaintiff nor delay discovery procedures, it was error for Special Term to have denied that branch of defendant's cross motion which sought a protective order against plaintiff's notice of availability for a physical examination. Gibbons, J. P., Thompson, Weinstein and Rubin, JJ., concur.