■ GEORGE D. NITIS, Appellant, v SAMUEL A. GOLDENTHAL et al., Respondents.—In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Lerner, J.), dated November 19, 1985, which granted the defendants' motion for summary judgment and dismissed the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff suffered a heart attack while employed by the Bechtel Corporation on a project in Algeria, and became totally and permanently disabled as a result. As a Bechtel employee, the plaintiff was covered by two group accident policies issued by the Life Insurance Company of North America (hereinafter LINA), each in the amount of $50,000. Both policies provided for submission of a proof of loss within 90 days of the loss, or, if it was not reasonably possible to submit a proof of loss within that period of time, then no later than one year thereafter, and further provided for a three-year Statute of Limitations to commence suit under either policy.

The plaintiff sustained his injuries on August 4, 1976, and filed his proof of loss claim on September 11, 1978. On Sep-

tember 15, 1978, the plaintiff retained the law firm of Goldenthal & Tommaso to collect benefits allegedly due under the two policies. By letter dated July 5, 1979, LINA disclaimed on the ground that the policy only covered disabilities resulting from an accident and that the plaintiff's injuries were not so caused.

Sometime in 1981, attorney Michael Goldenthal (now deceased) told the plaintiff that he had commenced suit on the policies. In January 1982, the plaintiff learned that, in fact, no action had been commenced, and he thereupon retained other counsel, who brought suit on the policies in the United States District Court for the Southern District of New York. In its answer, LINA denied that the plaintiff's claim was within the policy's coverage, asserted that no proof of loss was submitted within the time provided, and further asserted that the three-year limitations period in the policy had expired and that the action was therefore time barred. The United States District Court (Knapp, J.) granted summary judgment to LINA on the ground that the action was time barred.

The plaintiff thereafter commenced this action in the New York State Supreme Court against his former attorneys, the defendants herein, to recover damages for malpractice, alleging that their negligence in not filing a timely action prevented him from recovering under the LINA policies. The defendants moved for summary judgment on the ground, *inter alia,* that the plaintiff failed to timely submit proofs of loss and that this failure would have defeated his claim against LINA. Special Term granted the motion, and we affirm.

The plaintiff in a legal malpractice action must show that but for his attorney's negligence, he would have prevailed on the underlying claim *(see, Romanian Am. Interests v Scher,* 94 AD2d 549). While an attorney who asserts that an affirmative defense exists which would defeat the underlying claim bears the burden of proof on that issue *(see, Romanian Am. Interests v Scher, supra,* at 555), the defendants herein sustained their burden by proving the existence of a valid affirmative defense, that is, the plaintiff's failure to file timely proofs of loss, which, because such a defense is a complete bar to recovery, would have defeated the plaintiff's claim *(see, Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 63 NY2d 201, 210). The plaintiff failed to show that LINA waived its defense, nor were there any facts giving rise to an estoppel. The defendants' motion for summary judgment was, therefore, properly granted. Mangano, J. P., Brown, Niehoff and Eiber, JJ., concur.