■ Rose Mirabile et al., Respondents, v Albert Profy,

Appellant, et al., Defendants.—In a medical malpractice action to recover damages for personal injuries, etc., the defendant Profy appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Santucci, J.), dated January 13, 1987, as denied those branches of his motion which were for (1) leave to amend his answer so as to include culpable conduct on the part of the plaintiff Rose Mirabile as an affirmative defense, (2) leave to conduct an X-ray examination of the plaintiff Rose Mirabile, (3) leave to conduct a further deposition of the plaintiff Dominick Mirabile, (4) an order compelling the plaintiffs to execute certain authorizations, (5) disclosure of the plaintiffs' income tax returns and (6) disclosure of the books and records of a corporation owned solely by the plaintiff Dominick Mirabile.

Ordered that on the court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal from that portion of the order which denied the branch of his motion which was for leave to conduct a further deposition of the plaintiff Dominick Mirabile, said application is referred to Justice Harwood and leave to appeal is granted by Justice Harwood; and it is further,

Ordered that the order is modified by (1) granting the appellant leave to amend his answer so as to include culpable conduct on the part of the plaintiff Rose Mirabile as an affirmative defense, (2) directing the plaintiff Rose Mirabile to submit to an X-ray examination on a date and at a time and place to be fixed in a notice of at least 20 days to the appellant, and (3) directing the plaintiffs to provide the appellant with legible copies of their individual Federal and State tax returns for the years 1973 through 1977 upon presentation by the appellant of proof that such tax returns have not been preserved by the taxing authority to whom authorizations have been submitted. As so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The record does not include a current complaint or the bill of particulars furnished by the plaintiffs. It nonetheless appears that the plaintiff Rose Mirabile's causes of action are premised on the 1980 or 1982 discovery of 1 or 2 surgical needles in her abdomen which were alleged to have been left there during the course of surgery performed by the appellant in February 1975 at Flushing Hospital and Medical Center. It also appears that the plaintiff Dominick Mirabile's cause of action is derivatively premised on the loss of his wife's services which, until 1975, she allegedly performed in the home

and as an employee of a neon sign business operated by Mr. Mirabile under the auspices of his wholly owned corporation.

The Supreme Court erred in denying the appellant's application for leave to assert as an affirmative defense that Rose Mirabile's postoperative conduct contributed to her damages. The plaintiffs made no claim of prejudice in opposition to this branch of the appellant's motion and we cannot say that the defense is clearly without merit (see, Fahey v County of Ontario, 44 NY2d 934; Norman v Ferrara, 107 AD2d 739; cf., Cooper v Edinbergh, 75 AD2d 757). It was also an abuse of discretion to deny the appellant's application for an order compelling Rose Mirabile to submit to an X-ray examination. It has not been demonstrated that such examination is unnecessary (cf., e.g., Castrillon v City of New York, 91 AD2d 986). We note, moreover, that the assertion that such an examination would be dangerous is made only by the plaintiffs' counsel (cf., Castrillon v City of New York, supra).

The appellant failed to establish before the Supreme Court the need for a further examination before trial of Mr. Mirabile. His application for that relief was therefore properly denied. We also note that during the course of the second examination before trial of Mr. Mirabile, the appellant effectively waived the right to question him further.

Although the order appealed from could have been more precisely framed, we read it and a prior order to which the Supreme Court implicitly referred as directing the plaintiffs to provide both the defendants with authorizations addressed to the Federal and State income-taxing authorities for the release of individual tax returns for the years 1973 through 1977, and as requiring the plaintiffs to provide medical authorizations directed, inter alia, to Drs. Gurra and Shinga, Astoria General Hospital, and Beth Israel Hospital. The prior order, from which no appeal was taken, specifically denied the request for authorizations pertaining to Drs. Sami, Totino, Wolf and Schneider. The Supreme Court properly concluded that CPLR 2221 precluded it from granting the request for authorizations previously denied (see, George W. Collins, Inc. v Olsker-McLain Indus., 22 AD2d 485). Moreover, the Supreme Court did not abuse its discretion by refusing to compel Mrs. Mirabile to execute authorizations pertaining to physicians about whom the plaintiffs had no recollection and by refusing to compel her to execute an authorization for the release of her driver's license applications.

In the exercise of our discretion, we direct the plaintiffs to

provide the appellant with legible copies of their individual State and Federal income tax returns for the years 1973 through 1977 in the event the appellant demonstrates that the taxing authorities to which authorizations have been sent have not preserved the returns for those years. If the plaintiffs are not in possession or control of copies of their returns, they shall so state under oath. Finally, the Supreme Court properly denied the appellant's overly broad request for disclosure of the "books and records" of Mr. Mirabile's corporation. It appears that such relief was denied by the prior, unchallenged order. Moreover, there is no indication in the record that such disclosure is material and necessary for preparation of a defense to Mr. Mirabile's derivative claim *(cf., Millington v Southeastern Elevator Co.,* 22 NY2d 498). Mollen, P. J., Lawrence, Kunzeman and Harwood, JJ., concur.