■ JOSEPH P. LAPERA, Respondent, v MARVIN SHAFRON et al., Appellants.—In a negligence action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Wood, J.), entered March 14, 1989, which denied their motion to compel the plaintiff to appear for a magnetic resonance imaging examination by their examining doctor.

Ordered that the order is reversed, with costs, the motion is granted, the plaintiff is directed to appear for a magnetic resonance imaging examination by the defendants' doctor, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

The plaintiff, a mail carrier, allegedly slipped and fell while delivering mail to the home of the defendants. As a result, the plaintiff claims an assortment of injuries, including headaches, pain, numbness, and loss of movement in his neck, lower back, right leg, right arm and fingers, and traumatic Parkinson's disease. The plaintiff was treated in a hospital emergency room and by his own doctors. According to a medical report submitted to the Supreme Court, "[t]here has been a CAT scan of the spine [and] EMA and EEG [examinations] * * * which have been normal". The defendants conducted physical examinations of the plaintiff by an orthopedic specialist and by a specialist in neurology. The defendants' neurologist reported discrepancies between the plaintiff's history and his examination findings. The doctor felt that a magnetic resonance imaging examination (hereinafter MRI) was needed to resolve the discrepancies and to accurately assess the plaintiff's condition. Both of the defendants' specialists reported an inability to diagnose the source of the plaintiff's complaints.

Examination of the plaintiff by the defendants' physicians is relevant to determining the causal relationship between the plaintiff's current condition and the defendants' alleged negligence (see, D'Amico v Nuzzo, 122 AD2d 246, 248). The "general underlying principle with regard to * * * a physical examination * * * is to 'attempt to narrow down the areas of medical dispute, and the aim is, ultimately, with the assistance of the medical profession, to eliminate most of the controversy on the medical side of personal injury cases' " (Adlerstein v South Nassau Communities Hosp., 109 Misc 2d 158, 162, quoting from Del Ra v Vaughan, 2 AD2d 156, 157).

In circumstances where the plaintiff has put his physical state at issue and displays symptoms which simultaneously are serious, complex and perplexing, the plaintiff may be

compelled to undergo additional objective testing procedures which are safe, painless and noninvasive, including X rays *(see, Goldman v Linkoff,* 45 AD2d 709), blood tests *(see, Hayt v Brewster, Gordon & Co.,* 199 App Div 68, 70), skin tests *(see, Carpinelli v Manhattan Bottling Corp.,* 21 AD2d 792) and semen tests *(see, Adlerstein v South Nassau Communities Hosp., supra).*

MRI is an acceptable testing procedure to determine the nature and extent of the plaintiff's condition. The benefit of MRI to pretrial disclosure more than outweighs the slight inconvenience to the plaintiff.

In these circumstances, the Supreme Court erred by not recognizing the defendants' genuine need for further testing of the plaintiff through MRI. We accordingly reverse the order of the Supreme Court and grant the defendants' motion, upon such conditions as the Supreme Court may find appropriate. Kunzeman, J. P., Kooper, Sullivan and Miller, JJ., concur.