■ RICHARD THOMAS, an Infant, by His Mother and Natural Guardian, DELORES THOMAS, Appellant, v JOHN T. MATHER MEMORIAL HOSPITAL et al., Respondents.—In a medical malpractice action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), entered December 19, 1988, which, upon renewal, inter alia, granted the defendants' motion to compel the plaintiff to submit to a "CAT Scan or Magnetic

Resonance Imaging (MRI) test", while under sedation, before a licensed physician designated by the defendants.

Ordered that the order is affirmed, with costs.

This appeal involves an effort by the defendants to compel the 23-year-old, severely brain-damaged plaintiff to submit to a CAT scan or Magnetic Resonance Imaging Test (hereinafter MRI) as part of discovery and inspection in this medical malpractice action. The record establishes that it will be necessary to sedate the plaintiff in order to successfully conduct the scan. The plaintiff, relying upon the case of *Lefkowitz v Nassau County Med. Center* (94 AD2d 18), sought a protective order precluding the CAT scan on the ground that the plaintiff's mental and physical health would be endangered if he were compelled to submit to the scan, while under sedation. Although the plaintiff was initially granted the requested protective relief, the Supreme Court subsequently granted the defendants' motion for leave to renew their motion to compel the scan, and after reconsidering the issue, directed the plaintiff to submit to a CAT scan, with sedation, before a licensed physician designated by the defendants. The court further provided that the plaintiff's personal physician "may be in attendance for the administration of the sedation required for conducting of the * * * scan".

Contrary to the plaintiff's contentions, we find that the Supreme Court did not improvidently exercise its discretion in granting the defendants leave to renew their prior motion *(see, Oremland v Miller Minutemen Constr. Corp.,* 133 AD2d 816) and by compelling the plaintiff to submit to the CAT scan/MRI while under sedation *(see, Langelier v Ford,* 159 AD2d 851; *Lapera v Shafron,* 159 AD2d 614). The defendants, in support of their application to compel the CAT scan, established that the procedure is relatively safe, noninvasive and a conventionally accepted method of determining the nature and extent of the plaintiff's neurological damage *(cf., Lefkowitz v Nassau County Med. Center, supra).* The defendants further established that the sedative they propose to use, i.e., chloral hydrate, is a mild, nonnarcotic sleeping aid, which is frequently used for young, elderly and ill patients with few "unfavorable" side-effects. In addition to the foregoing, the defendants established that the plaintiff had submitted to CAT scans, while sedated, on several prior occasions and there is no indication in the record that the plaintiff sustained any harm or injury as a result thereof. The defendants also demonstrated that the plaintiff has been prescribed a litany of medications, including anticonvulsants, antidepressants, seda-

tives and amphetamines, to control his seizures and other symptoms. These medications, it appears, are of substantially greater potency than the mild sedative the defendants propose be used.

In sharp contrast, the plaintiff, in opposition to the motion to compel the CAT scan, submitted a conclusory affidavit from his neurologist, who indicated that "there is no medical reason or medical benefit for [the plaintiff] to undergo a C[A]T scan. Clearly anesthesia or sedation (including chloral hydrate) does represent a risk to [his] health". Notwithstanding the plaintiff's assertions to the contrary, there is a need as well as a benefit to be derived from the CAT scan, since it may enhance the defendants' ability to prepare a defense. Indeed, the functional utility of such an exam and its validity as a discovery device is not in dispute. We note, moreover, that the plaintiff's expert offered no details as to the manner in which chloral hydrate would be harmful to the plaintiff nor did he address the fact that the plaintiff apparently tolerated several prior CAT scans without incident. Under the circumstances, it cannot be said that the Supreme Court improvidently exercised its discretion in requiring the plaintiff to submit to the scan under sedation. Thompson, J. P., Brown, Lawrence and Eiber, JJ., concur.