■ John Maimone, Respondent, v Charles Virga et al., Appellants, et al., Defendants. (And Other Titles.) [674 NYS2d 372] —In an action to recover damages for personal injuries, the defendants Charles Virga, Dolores Virga, James Virga, and ABCO Maintenance, Inc., appeal from an order of the Supreme Court, Richmond County (Leone, J.), entered September 10, 1997, which denied their motion to compel the plaintiff to appear and submit to a further physical examination.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is granted, and the physical examination of the plaintiff shall continue at such time and place as shall be fixed in a written notice of not less than 10 days to be given by the appellants, or at such other time and place as the parties may agree.

The plaintiff commenced the instant action against multiple defendants, including the appellants, to recover damages for personal injuries. When he appeared at the office of the appellants' physician for a medical examination, however, he refused to answer any questions related to his medical history and refused to allow certain medical tests to be performed.

The appellants are entitled to another physical examination of the plaintiff. By bringing the instant action, the plaintiff placed his physical condition in issue (*see, Koump v Smith,* 25 NY2d 287; *Lefkowitz v Nassau County Med. Ctr.,* 94 AD2d 18, 21), and a physical examination "is relevant to determining the causal relationship between the plaintiff's current condition and the defendants' alleged negligence" (*Lapera v Shafron,* 159 AD2d 614). Because the plaintiff's medical history, especially concerning his diabetic condition, was "not only an appropriate area of inquiry but is generally necessary for a meaningful ex-

amination, [the plaintiff's] refusal to participate therein was error" (*Allen v State of New York,* 228 AD2d 1001, 1002). The appellants also sufficiently demonstrated the necessity of tests sought to be performed on the plaintiff (*see, Lapera v Shafron, supra*). Bracken, J. P., Copertino, Santucci, Florio and Mc-Ginity, JJ., concur.