■ JOHN MCDOWELL et al., Respondents, v EAGLE TRANS. CORP. et al., Appellants. [758 NYS2d 79] —In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Kings County (Barasch, J.), dated November 7, 2001, which, upon a jury verdict, is in favor of the plaintiffs and against them.

Ordered that the judgment is reversed, on the law, as a matter of discretion, and a new trial is ordered, with costs to abide the event, to be held after (1) a further physical examination of the plaintiff John McDowell, unless waived by the defendants, and (2) an examination by an expert in vocational rehabilitation of the plaintiff John McDowell, unless waived by the defendants; and it is further,

Ordered that within 20 days after service upon them of a

copy of this decision and order, the defendants shall serve a written notice upon the plaintiffs identifying the times and the places for the examinations, which shall in no event be later than 60 days after service upon the defendants of a copy of this decision and order; failure to arrange the examinations in accordance with the foregoing will be deemed a waiver of any right to such examinations.

The plaintiffs were awarded substantial damages for injuries allegedly arising from an automobile accident that occurred in 1992. We now reverse and remit for a new trial.

The defendants were deprived of a fair opportunity to present their primary defense, i.e., that the minor 1992 automobile accident that gave rise to this suit, as opposed to a variety of other possible injury-triggering events or conditions, did not result in a serious injury as defined by Insurance Law § 5102 (d). Given, inter alia, the plaintiffs' belated amendment of their bill of particulars, it was an improvident exercise of discretion for the Supreme Court to have refused to allow the defendants to conduct both a further physical examination of the injured plaintiff and an examination of the injured plaintiff by a vocational rehabilitation expert (see 22 NYCRR 202.21 [d]; Kavanagh v Ogden Allied Maintenance Corp., 92 NY2d 952 [1998]; Smith v Manning, 277 AD2d 1004 [2000]; Maimone v Virga, 250 AD2d 651 [1998]; Lapera v Shafron 159 AD2d 614 [1990]; Spann v Ellis, 131 AD2d 558 [1987]; Cassavecca v Airport Transp. Servs., 110 AD2d 804 [1985]). During the course of these examinations, the injured plaintiff must, if requested, provide a full history of all events or conditions that might have contributed to the injuries for which he is seeking compensation (see Maimone v Virga, supra; Lapera v Shafron, supra).

It was also error to deny the defendants' request for a missing witness charge with respect to Drs. Atakent, McCormick, Jain, and Pici. The plaintiffs did not demonstrate that these physicians were unavailable, beyond their control, or that the testimony of these witnesses would have been cumulative with respect to the testimony of the plaintiffs' trial expert, who did not examine the injured plaintiff until 1999 (see generally Espriel v New York Downtown Hosp., 298 AD2d 165 [2002]; Adkins v Queens Van-Plan, 293 AD2d 503 [2002]; Iorizzo v Dyker Emergency Physicians, 278 AD2d 280 [2000]; Kupfer v Dalton, 169 AD2d 819 [1991]). At the new trial, a missing witness charge may also be warranted as to Dr. Bruckmann, whose absence from the trial in 2000 was attributed to illness.

The defendants' remaining contentions are either academic

in light of the foregoing or without merit. Prudenti, P.J., Ritter, Luciano and H. Miller, JJ., concur.