(September 22, 2003)

■ FLORENCE BOBKA et al., Respondents, v CHARLES MANN et al., Appellants. [764 NYS2d 847] —In an action to recover damages for medical malpractice, etc., the defendants appeal, as

limited by their brief, from so much of (1) an order of the Supreme Court, Suffolk County (Dunn, J.), dated August 8, 2002, as denied their motion to compel the plaintiff Florence Bobka to submit to a urodynamic study, and (2) an order of the same court dated December 3, 2002, which denied their motion for leave to reargue.

Ordered that the appeal from the order dated December 3, 2002, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated August 8, 2002, is affirmed insofar as appealed from, and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

Where a plaintiff has put her physical state at issue and displays symptoms which simultaneously are serious, complex, and perplexing, she may be compelled to undergo additional objective testing procedures which are safe, painless, and non-invasive (*see Lapera v Shafron,* 159 AD2d 614, 614-615 [1990]; *see also Lefkowitz v Nassau County Med. Ctr.,* 94 AD2d 18 [1983]). Here, the urodynamic study sought by the defendants is potentially harmful due to a risk of infection, and is clearly invasive. Accordingly, the Supreme Court properly denied the defendants' motion to compel the plaintiff Florence Bobka to submit to the testing (*see Marino v Pena,* 211 AD2d 668 [1995]; *Lapera v Shafron, supra; Lefkowitz v Nassau County Med. Ctr., supra;* CPLR 3121). Smith, J.P., Luciano, H. Miller and Adams, JJ., concur.