PATRICIA DITROIA et al., Appellants, v STEPHANIE BUCK-HASKIN, Respondent. [951 NYS2d 908]—

Although a defendant is entitled to conduct a physical examination of a plaintiff who puts his or her physical condition at issue in an action (*see* CPLR 3121 [a]; *D'Adamo v Saint Dominic's Home*, 87 AD3d 966, 970 [2011]), a plaintiff may not be compelled to undergo medical testing procedures when it is established that the tests are invasive, painful, and harmful to the plaintiff's health (*see D'Adamo v Saint Dominic's Home*, 87 AD3d at 970; *Rosario v BNS Bldgs., LLC*, 67 AD3d 984 [2009]; *Bobka v Mann*, 308 AD2d 497, 498 [2003]; *Lapera v Shafron*, 159 AD2d 614 [1990]). Here, the plaintiffs established that the urodynamic testing sought by the defendant is painful, invasive, and would be potentially harmful to the injured plaintiff's health (*see Santero v Kotwal*, 4 AD3d 464, 465 [2004]; *Bobka v Mann*,

308 AD2d at 498; *Marino v Pena*, 211 AD2d 668 [1995]). Under these circumstances, the injured plaintiff, who has already been examined by the defendant's medical expert, should not be compelled to additionally undergo urodynamic testing in order to restore this case to the trial calendar. Eng, P.J., Skelos, Chambers and Sgroi, JJ., concur.