*866 In an action to recover damages for personal injuries, the defendants Serge A. Zaytounalian, G.E. Auto Repair Enterprises, Inc., and L&B Auto Repair II Corp., appeal from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated December 13, 2011, as denied that branch of their motion which was to compel the plaintiff to submit to X-ray testing of his right femur in connection with a physical examination.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Serge A. Zaytounalian, G.E. Auto Repair Enterprises, Inc., and L&B Auto Repair II Corp., which was to compel the plaintiff to submit to X-ray testing of his right femur in connection with a physical examination is granted.
Where, as here, a plaintiff has put his or her physical condition in issue and displays symptoms that simultaneously are serious, complex, and perplexing, he or she may be compelled to undergo additional objective testing procedures that are safe, painless, and noninvasive (see Bobka v Mann, 308 AD2d 497, 498 [2003]; Thomas v Mather Mem. Hosp., 162 AD2d 521 [1990]; Lapera v Shafron, 159 AD2d 614, 614-615 [1990]), including X-ray testing (see Louis v Cohen, 221 AD2d 509 [1995]; Healy v Deepdale Gen. Hosp., 145 AD2d 413 [1988]; Captain v Kobak, 95 AD2d 766 [1983]; Castrillon v City of New York, 91 AD2d 986 [1983]). In opposition to the appellants’ showing that X-ray testing would assist them in ascertaining the nature and extent of the injuries claimed, the plaintiff failed to establish that X-ray testing of his right femur would be dangerous or harmful (see Healy v Deepdale Gen. Hosp., 145 AD2d 413 [1988]; Captain v Kobak, 95 AD2d 766 [1983]; Castrillon v City of New York, 91 AD2d 986 [1983]). Accordingly, that branch of the appellants’ motion which was to compel the plaintiff to submit to X-ray testing of his right femur, in connection with a physical examination by their examining physician, should have been granted. Mastro, J.E, Skelos, Chambers and Sgroi, JJ., concur.