█ JUSTIN FLORES et al., Respondents, v YELED V'YALDA EARLY CHILDHOOD CENTER, INC., Doing Business as SILVER LAKE HEAD START PROGRAM, Appellant, et al., Defendant. [958 NYS2d 609]—

In an action to recover damages for personal injuries, etc., the defendant Yeled V'Yalda Early Childhood Center, Inc., doing business as Silver Lake Head Start Program, appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated November 18, 2011, which denied its motion to compel the plaintiff Justin Flores to submit to an X-ray examination of his left and right elbows in connection with a physical examination.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Yeled V'Yalda Early Childhood Center, Inc., doing business as Silver Lake Head Start Program, to compel the plaintiff Justin Flores to submit to an X-ray examination of his left and right elbows in connection with a physical examination is granted.

Where, as here, a plaintiff has put his or her physical condition in issue and displays symptoms that simultaneously are serious, complex, and perplexing, he or she may be compelled to undergo additional objective testing procedures that are safe, painless, and noninvasive (*see Bobka v Mann*, 308 AD2d 497, 498 [2003]; *Thomas v Mather Mem. Hosp.*, 162 AD2d 521 [1990]; *Lapera v Shafron*, 159 AD2d 614, 614-615 [1990]), including an X-ray examination (*see Tidwell v Villaman*, 100 AD3d 865 [2012]; *Louis v Cohen*, 221 AD2d 509 [1995]; *Healy v Deepdale Gen. Hosp.*, 145 AD2d 413 [1988]). In opposition to the appellant's showing that an X-ray examination would assist it in ascertaining the nature and extent of the injuries claimed, the plaintiffs failed to establish that an X-ray examination of the infant plaintiff's left and right elbows would be dangerous or harmful (*see Tidwell v Villaman*, 100 AD3d 865 [2012]; *Healy v Deepdale Gen. Hosp.*, 145 AD2d 413 [1988]; *Captain v Kobak*, 95 AD2d 766 [1983]; *Castrillon v City of New York*, 91 AD2d 986 [1983]). Accordingly, the appellant's motion to compel the infant plaintiff to submit to an X-ray examination of his left and right elbows, in connection with a physical examination by its examining physician, should have been granted. Angiolillo, J.P., Balkin, Austin and Miller, JJ., concur.