■ LINA PECULIC, Respondent, v ELZBIETA SAWICKI et al., Appellants. [11 NYS3d 653]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), dated January 13, 2014, which denied their motion pursuant to CPLR 3124 to compel the plaintiff to submit to the administration of the Minnesota Multiphasic Personality Inventory-2, and granted the plaintiff's cross motion pursuant to CPLR 3103 (a) for a protective order.

Ordered that the order is reversed, on the law, with costs, the defendants' motion pursuant to CPLR 3124 to compel the plaintiff to submit to the administration of the Minnesota Multiphasic Personality Inventory-2 is granted, and the plaintiff's cross motion pursuant to CPLR 3103 (a) for a protective order is denied.

On the eve of the trial in this action to recover damages for personal injuries allegedly sustained in an automobile accident,

the plaintiff served a bill of particulars denominated as a second supplemental bill of particulars, adding post-traumatic stress disorder as an injury allegedly caused by the accident. The parties entered into a stipulation pursuant to which the trial was adjourned and the plaintiff agreed to provide discovery, including submitting to an independent medical examination, with respect to the newly alleged injury. However, the plaintiff thereafter refused the defendants' demand that she submit to the administration of the Minnesota Multiphasic Personality Inventory-2 (hereinafter MMPI-2) as part of the independent medical examination.

The defendants moved to compel the plaintiff to submit to the MMPI-2, and the plaintiff cross-moved for a protective order. The Supreme Court denied the defendants' motion and granted the plaintiff's cross motion.

The question of whether a discovery demand is appropriate "is left to the sound discretion of the trial court" (*Young v Tierney*, 271 AD2d 603 [2000]). However, the Appellate Division is vested with a corresponding power to substitute its own discretion for that of the trial court (*see Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 745 [2000]; *Brady v Ottaway Newspapers*, 63 NY2d 1031, 1032 [1984]; *Phoenix Mut. Life Ins. Co. v Conway*, 11 NY2d 367, 370 [1962]).

Where the mental or physical condition of a party is in controversy, the party may be required to submit to a medical examination (*see Dillenbeck v Hess*, 73 NY2d 278, 286-287 [1989]; *D'Adamo v Saint Dominic's Home*, 87 AD3d 966, 970 [2011]). However, a plaintiff who places his or her physical or mental condition in controversy will not be required to undergo an examination or objective testing procedure which is invasive, painful, or presents the possibility of danger to life or health (*see D'Adamo v Saint Dominic's Home*, 87 AD3d at 970; *Lefkowitz v Nassau County Med. Ctr.*, 94 AD2d 18, 21 [1983]).

Here, it is undisputed that the plaintiff's mental condition was put into controversy by her service of the bill of particulars denominated a second supplemental bill of particulars, in which she alleged that she has post-traumatic stress disorder that was caused by the accident. In support of their motion, the defendants established, through the affidavit of a psychologist, that the MMPI-2 is a conventionally accepted noninvasive test utilized for the assessment of a diagnosis of post-traumatic stress disorder.

In opposition, the plaintiff failed to establish that subjecting herself to the MMPI-2 would be invasive or harmful to her health (*see Tidwell v Villaman*, 100 AD3d 865, 866 [2012];

*Thomas v Mather Mem. Hosp.*, 162 AD2d 521, 523 [1990]). Accordingly, the defendants' motion to compel should have been granted and the plaintiff's cross motion for a protective order should have been denied. Dillon, J.P., Dickerson, Roman and LaSalle, JJ., concur.